WILLIAMS, Judge.
This case arises from an alleged slip and fall which took place at a National-Canal Villere Supermarket in New Orleans. After receiving evidence, a jury rendered a verdict in favor of the plaintiff in the amount of $16,750.00 in general damages and $30,000.00 in special damages. Plaintiff was adjudicated 81% negligent and defendant was found to be 19% negligent. Plaintiff’s award was reduced according to her percentage of fault. Plaintiff's post-trial motions were denied and she appeals. Defendant answers the appeal.
Plaintiff, Annette Mae Frosch, was grocery shopping on the morning of October 10, 1983. At the time Frosch was in the produce section of the store, John- Bowles, the produce manager, was taking lettuce from a cart and placing it on a produce shelf. Desirous of purchasing cucumbers, Frosch approached the cart in order to get a plastic bag from a dispenser. As she reached over the cart, she slipped. Bowles reached for Frosch in an attempt to break her fall.
*641 At trial, plaintiff sought to establish the existence of a liquid substance on the floor. She testified that she slipped on water located underneath the lettuce cart. Frosch testified that after the fall Bowles acknowledged the existence of a foreign substance. Frosch stated that she reported the incident to the store manager and showed him where her pants leg was wet. She testified that she stayed in the store for more than thirty minutes after the accident and that when she returned to the site of the accident, liquid was still on the floor. Frosch stated that there were no floor mats where she fell nor were there warning signs. At trial, a certified safety professional testified as to the risk and hazards of a grocery store.
The balance of Frosch’s testimony centered on damages allegedly sustained as a result of the fall. In support of her claims, the trial court received testimony from a certified vocational rehabilitation specialist, Frosch’s orthopedic surgeon and Frosch’s boss.
Timothy Schwartz, an eye witness, testified on Frosch’s behalf. The purpose of his testimony was to substantiate her claims. Schwartz testified that after Frosch fell, he helped her wipe herself off and observed a liquid near the cart. Schwartz testified that he saw ice on the produce and water dripping off of the produce cart, evidently a result of the melting ice. This testimony was contradicted by Bowles who said that there was no ice on the cart since ice is not used on wrapped lettuce. Further, Bowles claimed that there was no liquid located on the floor. Schwartz and Frosch contradicted each other by locating the liquid on opposite sides of the cart.
At trial Bowles described the produce cart as having wheels. His testimony indicated that as Frosch leaned across the cart to reach for a produce bag, she made contact with the cart and it shifted, causing her to lose her balance.
Additionally plaintiff also asserts that $16,750.00 in general damages and $30,000.00 in special damages (to be reduced by her alleged negligence), were erroneous and should be raised.
Plaintiff claims to have suffered from a herniated disc resulting from the fall at the National-Canal Villere. Evidence presented at trial, however, indicated that plaintiff’s ailments were not solely caused by the fall. Testimony revealed that as early as June of 1982, Dr. Jerry Norman, plaintiff’s chiropractor, treated her for an “acute lumbosacral sprain-strain ... and a disc bulge at L5-S1.” Investigating complaints of low back pain, another doctor diagnosed a “herniated disc of L5 on the left side” in January of 1983. The injury that plaintiff sustained allegedly caused her pain and limited her ability to work, causing her loss of wages. In evaluating plaintiff's damages, the jury considered plaintiff’s complaints, her work history, and apparently weighed the factor of the pre-existing injury in making the award. We have reviewed the evidence presented and do not find that the determination of damages was unreasonable in light of the evidence.
An appellate court will not disturb the findings of a trial court, including the apportionment of fault, absent manifest error. The jury verdict was unanimous. It is the jury’s function to assess the evidence before it. The trier of fact is in the best position to assess the credibility of the witnesses and the appellate court must give deference to those determinations. We have reviewed the record and find sufficient basis for the jury’s findings, including the apportionment of fault, and we will not disturb that determination.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
LOBRANO, J., dissents with reasons.