LANDRIEU, Judge.
In this slip and fall case,[1] the Housing Authority of New Orleans appeals the issue of liability only. We are asked to determine whether the trial court was manifestly erroneous when it allocated 90% fault to the Housing Authority of New Orleans (HANO) and 10% fault to the plaintiff. We amend, and as amended, affirm.
FACTS
On September 28, 1988 at approximately 12:30 p.m., plaintiff, Cynthia Davis, while engaged in the normal course and scope of her employment as an insurance agent with Security Industrial Insurance Company, went to the Fischer Housing Project[2] to collect premiums from her clients. As Ms. Davis ascended a stairway at 2035 LeBoeuf Court,[3] she slipped and fell down several stairs coming to rest at the base of the stairwell. The stairway was dark and the artificial fighting was not functioning and in disrepair. Ms. Davis slipped in grease and water that had accumulated on the stairs. As a result of the accident, Ms. Davis allegedly sustained a severely fractured right leg, severely injured left knee, and disabling injuries to her spine.
Beverly Brewster, a co-employee from Security who accompanied plaintiff to the Fischer Housing Project, witnessed the fall. Ms. Brewster testified that she observed beaded up water like oily water, and a vegetable leaf like lettuce or cabbage on the stairs. Noah Butler, who appeared after the accident, described the section of the stairs where Ms. Davis fell as being greasy with bubbled up water on them, and with trash and chicken bones on them.[4]
Both Ms. Brewster and Ms. Davis testified that they were often at the Fischer Housing Project, that the stairs were always littered with trash and debris, and that they had never seen anyone cleaning the stairs. Bertha Domino, a former tenant at the project, testified that she lived there for four years, that the stairs were always greasy and littered, and that she had never seen HANO personnel clean the stairs.
J.D. Roberts, a safety expert, testified that the stairs had insufficient fighting, that the stairs should have had a slip resistant surfacing or coating on them because they were *812 discolored where debris had soaked into the pores of the concrete, and that the nose of the tread of the stairs had been worn round and should have had a steel nose put on them.
At trial, HANO produced both its project manager, Shahida Nuriddin, and its facility manager, Harvey Foster. Mr. Foster testified that they had no one to inspect the stairs on a daily basis, but he would go out “a couple of times a week” and do it himself. Ms. Nuriddin stated that when she was notified about the accident, she immediately sent someone out to clean the steps; that person returned stating the steps were clean.
Ms. Nuriddin and Mr. Foster were also called by the plaintiff for the purposes of showing the-lack of stair cleaning on the day of the accident, and HANO’s knowledge of cleaning problems and danger. Mr. Foster testified that keeping the stairs clean was such a problem that if they were cleaned at say 10:00 “... I guarantee you fifteen, twenty minutes after ten there will be something on the stairway....” He further testified that the constant traffic on the stairs consistently generated trash, and the buildings with four bedroom apartments had the worst problems. Every morning HANO employees were assigned to cleaning the grounds — not the stairways and passageways. On Monday, Wednesday, and Friday mornings, laborers in the maintenance department were assigned to the garbage trucks. After they finished those duties, sometimes after 1:00 p.m., they would be available to clean the stairs and passageways. September 28,1988 was a Wednesday, and Ms. Davis’ accident occurred around 12:30 p.m.
HANO’s accident report was completed by Shahida Nuriddin. The section entitled “Fall Down: Time Floor Last Swept or Mopped— Person Responsible for Cleaning” was left blank. HANO’s laborers, who are the employees responsible for cleaning stairs, are required to file daily reports called 253’s showing what they cleaned. Despite knowing of this claim from at least the day after the fall, HANO was unable to produce the reports to show when in fact the stairs had been cleaned prior to the fall. They claimed with the passage of time the reports from 1988 had simply been purged from the files. HANO, however, was able to produce the 253 forms for later periods of time as representative of their cleaning procedures. Those 253’s, which covered an extended period of time, never showed anyone cleaning the stairs at LeBoeuf Court, and they rarely showed stairs being cleaned elsewhere.
HANO also produced their service requests records. For every week that HANO produced records, the records showed that it received more requests than it resolved, with the result that ultimately they had over 500 unfulfilled service requests.
Following a trial on the merits, judgment was rendered in favor of the plaintiff and intervenor and against HANO. Damages were awarded to the plaintiff in the amount of $537,011.07 and to the intervenor, Insurance Company of North America,[5] in the amount of $98,938.21 which was stipulated. The court further determined that the plaintiff was contributorily negligent and therefore, both the damages awarded to the plaintiff and the intervention of Insurance Company of North America were reduced by 10% for comparative fault. Thus, judgment in favor of Insurance Company of North America (INA) amounted to $89,044.39 ($98,938.21 less the percentage thereof for comparative fault), and judgment in favor of plaintiff and against HANO totalled $394,264.58[6] ($537,-011.07 less the percentage thereof for comparative fault less amount granted INA).
*813 In its reasons for judgment, the court found liability on the part of HANO for its failure to adequately maintain the stairwell where plaintiff fell. No records were produced to show the stairwell had been recently cleaned.
DISCUSSION

STANDARD OF REVIEW

A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989).

ASSIGNMENT OF ERROR NO. 1

HANO contends the trial court improperly applied the principles of strict liability to find it liable for plaintiffs injuries. Specifically, HANO argued that there is a distinction between a defect in (strict liability) the premises and a defect on the premises (general negligence).
In its reasons for judgment, the trial court made it perfectly clear that its decision was based on HANO’s negligence in failing to clean the stairs. Although there was ample evidence to support the application of strict liability, i.e., the stairs had insufficient lighting, the stairs had no slip resistant surfacing on them, and the nose of the tread of the stairs had been worn round and should have had a steel nose put on them, we agree with the trial court that the filth and debris on the stairwell amounted to a defect on the premises. Therefore, the principles of general negligence apply. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2

HANO contends that it had substantially complied with its duty of reasonable care under a general negligence theory. Plaintiff submits that HANO did not comply with its duty of reasonable care and that the condition of the stairs was the same two days post accident.
In order to establish a prima facie ease in a slip and fall lawsuit, the plaintiff must show that she slipped, fell, and was injured because of a foreign substance on the defendant’s premises. Reynolds v. St Francis Medical Center, 597 So.2d 1121, 1122 (La.App. 2d Cir.1992). Thereafter, the burden shifts to the defendant to exculpate itself from the presumption of negligence. Id.
While ascending a stairway located at 2035 LeBoeuf Court, Ms. Davis slipped on the grease, water and debris on the stairs and fell to the base of the stairwell sustaining numerous injuries. HANO produced virtually no evidence to exculpate itself. No laborers 253 reports which showed when the steps at 2035 LeBoeuf were last cleaned were produced. The 253 reports that were produced showed LeBoeuf had never been cleaned, and as to the cleaning of other stairs, it showed infrequent and irregular cleaning. Moreover, Ms. Nuriddin admitted that she was aware of the Housing and Urban Development’s (HUD) Comprehensive Review[7] that found the Fischer Housing Complex’s maintenance and clean-up procedures were inadequate.
Having determined that HANO failed to exculpate itself from the inference of negligence, we must next consider whether the plaintiff was negligent in contributing to her own injuries and damages.
When viewing a plaintiffs conduct and assessing whether there is any contributory negligence, the objective, reasonable man standard controls; the query is “what would a reasonable man do under like circumstances for his own safety and protection?” Gray v. Louisiana Downs, 585 So.2d 1238, 1241-42 (La.App. 2d Cir.1991). Upon a finding of contributory negligence, La.Civ. Code Ann. art. 2323 (West Supp.1993) reduces the claim of a plaintiff in proportion to his degree of fault. Id.
Factors which may influence the degree of fault assigned to parties include: 1) whether the conduct resulted from inadver *814 tence or involved an awareness of the danger, 2) how great a risk was created by the conduct, 3) the significance of what was sought by the conduct, 4) the capacities of the actor, whether superior or inferior, and 5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought, Id. (citing Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). Absent manifest error, an appellate court will not disturb the apportionment of fault. Frosch v. National Tea Co., 539 So.2d 640 (La.App. 4th Cir.1988).
In the instant case, Ms. Davis testified that she always saw trash and debris on the stairs every time she went to the Fischer Housing Project to collect premiums. On- the day in question, she specifically observed grease, water, and garbage on the stairs located at 2035 LeBoeuf. Attempting to avoid the bulk of the trash, Ms. Davis, a right-handed individual, moved over and ascended the stairs with her left hand on the railing.
Although Ms. Davis took precautions before ascending the stairs, she was aware of the potential danger that she faced in attempting to ascend this particular stairwell.
We find the trial court was clearly wrong in apportioning the parties’ fault. The particular facts in this case show the plaintiff was 25% at fault and HANO was 75% at fault. Therefore, we render judgment in favor of INA and against HANO in the amount of $74,203.66 ($98,938.21 less the 25% for plaintiffs comparative fault) and judgment in favor of plaintiff and against HANO in the amount of $328,554.65 ($537,011.07 less 25% for comparative fault less the $74,203.66 awarded to INA).
AMENDED, AND AS AMENDED, AFFIRMED.

. Named defendants in the lawsuit were the Housing Authority of New Orleans and XYZ Insurance Company, HANO’s liability insurer.

. HANO is the owner/custodian of the Fischer Housing Project.

. Fischer Housing Project is comprised of 12-13 buildings; 1002 apartments. 2035 LeBoeuf Court is a four bedroom apartment building located within the Fischer Housing Complex.

.Although Mr. Butler did not witness the plaintiff's fall, he did see Ms. Davis as she was about to ascend the stairs. Upon hearing screams as she fell, he returned to the scene of the accident and saw Ms. Davis lying on the ground.

. Insurance Company of North America is the workman's compensation insurer of Security Industrial Insurance Company. Seeking to be reimbursed for both the workmen's compensation benefits and the medical benefits paid to plaintiff, INA filed a petition in intervention.
At trial, the plaintiff and the intervenor stipulated that the amount of worker’s compensation benefits and medical benefit paid to plaintiff were $44,627.14 and $51,540.14 respectfully. However, INA's exhibit # 1, a computer print out of Ms. Davis' medical bills, list the amount of medical benefits paid as $54,311.07. The sum of $54,311.07 and $44,627.14 equals $98,938.21.

. Upon computing this figure, we find that it is one-dollar ($1) short. The proper total is $394,-265.58).

. HUD's Comprehensive Review of the Fischer Housing Project dated July 1988, two months prior to plaintiff's accident, reported that the condition of the complex was unsatisfactory and an effective mechanism did not exist to deal with the problem of trash and debris that accumulated in the complex.