SAMUEL, Judge.
This is a suit by which plaintiff seeks: (1) to be decreed the sole owner of certain immovable property in Hessmer Farms Subdivision in the Parish of Jefferson, and (2) an accounting from the defendants. The two defendants, Millard E. Matthew and Metairie Realty, Inc., respectively a real estate agent and a corporation of which Matthew was president, answered and re *852 convened praying for the rejection of plaintiff’s demands, alleging ownership of the property in Matthew and seeking to have him recognized as owner, and further seeking erasure and cancellation of a counter letter registered and recorded by the plaintiff, an accounting, damages and other incidental relief. Defendants also moved for judgment on the pleadings.
A petition of intervention was filed by Arthur P. Lacour who had entered into a contract with Matthew to purchase a lot in the subdivision. The contract provided that the act of sale was to be passed when 50% of the purchase price had been paid. The petition of intervention alleges, and the original parties in this suit concede, that more than the required 50% was paid and title was never transferred. Intervenor seeks a judgment in solido against all three litigants for the full amount paid by him under the contract.
Plaintiff acquired the property on November 16, 1956 for $16,000, consisting of $4,500 cash and a mortgage note for $11,-500. On November 2, 1957 he sold the property to Matthew for the sum of $46,800, represented by three promissory notes in the total amount of $35,300 and the assumption by Matthew of the existing $11,500 mortgage. A counter letter, also dated November 2, 1957 and in the usual form except that this counter letter was by authentic act, was executed by Matthew in favor of plaintiff. It recited that no consideration had passed in the act of sale between them and that plaintiff remained the sole and true owner of the property. The notary retained the original act of counter letter and copies thereof were given to plaintiff and Matthew.
On the same day, November 2, 1957, plaintiff and Metairie Realty entered into a contract by which the latter became the sole selling agent for Hessmer Farms and the property was to be subdivided at plaintiff’s expense and sold for a minimum of $2,000 per lot. This contract guaranteed plaintiff $1,800 of the sales price of each lot and the corporation was to receive $200 commission per lot plus any sum over $2,000 in the event lots were sold for more than that amount. By special provision thereof the contract was valid only for one year from its date. Subsequently the property was subdivided and the subdivision approved by the Jefferson Parish Council. Metairie Realty sold, or contracted to sell, various lots and collected payments thereon.
In order to expedite sales, and in an alleged effort to comply with the laws of Louisiana relative to bond for deed transactions, plaintiff and Matthew then entered into a written but undated agreement by which four things were contemplated: (1) cancellation of the prior mortgage between them and execution of a new mortgage on 19 lots only; (2) release from mortgage by plaintiff of five certain lots in exchange for Matthew’s personal note in the amount of $9,000; (3) payment to plaintiff of $3,600 in cash for two lots which had been sold for cash; and (4) provision for compensation to Metairie Realty on interest due.
In furtherance of this agreement plaintiff obtained a release of the $11,500 mortgage by substituting other collateral therefor. The November 2, 1957 mortgage by Matthew in favor of plaintiff was cancelled. On October 1, 1958 Matthew executed a new mortgage in the amount of $34,200 on 19 lots in favor of plaintiff, gave plaintiff his personal note in the sum of $9,000, and paid plaintiff $3,600 in cash. The five lots were released from mortgage as agreed.
Thereafter one or both of the defendants collected payments on sales, deducted a $200 commission and 75% of each sale in excess of $2,000 per lot, and made semimonthly returns to plaintiff. Matthew did not make a timely second return during the month of April, 1961 and plaintiff unsuccessfully demanded the return and an accounting. The parties disagreed and Matthew took the position that he was the owner of the property. Plaintiff then filed his counter letter and this suit.
*853 Subsequently, as previously anticipated by both plaintiff and Matthew and after the latter had devoted considerable time thereto, a portion of the property was expropriated by the state for highway purposes. The sum of $16,600, the consideration for such expropriation, was deposited in the district court registry where it is being held subject to final judgment herein.
The trial court denied and dismissed defendants’ motion for judgment on the pleadings. On the merits it rendered judgment in favor of Lacour, the intervenor, and against plaintiff and defendants, in solido, as prayed. It also decreed plaintiff to be the owner of the property and ordered: (1) cancellation of the $34,200 mortgage granted by Matthew in favor of plaintiff on October 1, 1958; (2) an accounting by the two defendants to the plaintiff of all funds received by them from purchases of the property; (3) payment by the defendants to plaintiff of all sums to which he was entitled under the judgment, allowing to defendants a credit of $21,207.06, being the amount stipulated by the parties as previously paid to the plaintiff; (4) that the commissions due to the defendants, or either of them, be computed at $200 on each lot sold or expropriated and 75% of the sales price in excess of $2,000; Tand made other detailed adjudications concerning which no complaint is made in this court. The re-conventional demand was dismissed. The two original defendants have appealed and plaintiff has answered the appeal.
In this court defendants contend that their motion for judgment on the pleadings should have been granted. While it is true that under the provisions of LSA-C.C. P. Art. 96 an appeal does not lie from the trial court’s refusal to render any judgment on the pleadings, we have considered defendants’ complaint under Comment (d) of Article 968 which states that the trial court’s action in overruling a motion for judgment on the pleadings may be considered under the appeal from the final judgment in the case, and we do not agree with the contention. The motion was based solely on plaintiff’s answer to a particular interrogatory in which he stated the counter letter was not prepared at the same time as it was dated, November 2, 1957, which was the date on which the first mortgage was passed between the litigants. The matter is before us now on the merits and we agree with the trial court’s conclusion that the counter letter was executed sometime between November 2, 1957 and October 1, 1958, the exact date being uncertain, and that the exact date is of no real consequence.
Defendants also contend that the trial court judgment on the merits is erroneous: (1) in decreeing plaintiff to be the owner of the property; (2) in holding that plaintiff was entitled to $1,800 on each lot sold plus 25% of the sale price of each lot in excess of $2,000; (3) in holding the defendants liable to the intervenor; and (4) in denying damages under the reconventional demand.
In connection with their first contention relative to the ownership of the property defendants’ position is that the mortgage of October 1, 1958 was the last agreement between them and the plaintiff and that it was the intention of all three parties at that time to cause Matthew to become the unquestioned owner of the property, already in his name, by merely destroying the counter letter. The public records then would reflect the correct ownership of the property since the counter letter had not been registered. Defendants claim that through error plaintiff’s copy of the counter letter was not destroyed and -was retained by him. Three witnesses, plaintiff, Matthew and the notary who passed the act of counter letter, gave contradictory testimony on this point over strenuous objection from plaintiff’s counsel relative to the admissibility of parol evidence.
The trial judge was of the opinion that the evidence adduced failed to support Matthew’s position. He found as a fact that the parties did not intend to transfer ownership of the property to Matthew and *854 that no such transfer had taken place. We agree with his finding. In view of this absence of proof, and none was offered except by the three named witnesses, it becomes unnecessary for us to pass upon other questions, such as admissibility of the parol evidence, error and whether the notarial act can be revoked by simply destroying the original and copies thereof.
Although the record is not clear with regard to when the sales involved in the claim for commissions and overages were made, it does appear that such sales were made after the agreement, by which the corporate defendant was to receive a commission of $200 per lot and all overage above a $2,000 sale price, had expired by the lapse of more than one year. All returns made by the defendants deducted commissions of $200 on each lot and 75% of the sales price in excess of $2,000. These returns were received by plaintiff without objection. As there is no evidence of any other agreement, with the single exception of the written, undated one which, insofar as it affects the question now under discussion, is concerned only with the adjustment of interest due on sales or collections, we conclude that the parties must have agreed on the computations found by the trial court and that they are bound thereby.
We find no merit to defendants’ third and fourth contentions in which they seek to be relieved of liability to the inter-venor and in which they seek damages for loss of good will and business reputation. Both are based primarily upon the fact that the liability and damages were caused by the filing of the counter letter by plaintiff, an action over which defendants had no control, and the resulting inability to timely deliver title to the various purchasers. Plaintiff had the right to file his counter letter and we agree with the trial court’s finding, in effect, that defendants’ liability to the intervenor and any damage to themselves resulted from fault on the part of the defendants.
In his answer to the appeal plaintiff prays that the judgment be amended and affirmed. The amendments he seeks are: (1) reduction of defendants’ commission on that part of the property expropriated by the Department of Highways from 75% to 50% of the excess over $1,800 per lot on the price of each lot; (2) application of a portion of the sum deposited in the registry of court by the highway department to the value of tlie lots expropriated and the balance, $2,-600, to damages to the remainder of plaintiff’s property not expropriated; (3) reduction of the credit allowed Matthew; and (4) indemnification from the defendants, in solido, for any loss to plaintiff resulting from the judgment rendered in favor of the intervenor.
The first three requested amendments are concerned only with questions of fact. Plaintiff testified that he and Matthew had a separate agreement relative to the-property expropriated by the highway department. The only evidence offered to-prove such an agreement was plaintiff’s unsupported testimony. In view of the findings by the trial court and the other evidence contained in the record, this is insufficient proof. The reduction of credit sought by plaintiff is based upon the contention that Matthew has received $1,500 as part of the sums due him on the overage-agreement. The record does not support, this contention.
Aside from any other consideration,. plaintiff’s claim for indemnification for loss-which may result from the judgment in favor of the intervenor must be refused because the same forms a part of the accounting which the defendants have been ordered' to make to the plaintiff.
For the reasons assigned, the judgment appealed from is affirmed; costs of this appeal to be paid by the appellants.
Affirmed.