liWOODABD, Judge.
This appeal arises out of a lawsuit for damages sustained by plaintiff, Melba H. Harkins, a seventy-six-year-old woman, when she tripped and fell in a grassy median area in the defendant’s parking lot. The trial court awarded $50,000.00 for personal injuries. The defendant is Natchitoches Parish Hospital. We affirm.
FACTS
As a part of its facilities, the Natchitoches Parish Hospital (Hospital) has workout equipment located on the 4th floor at the rehabilitation unit. Ms. Harkins joined the Hospital’s good health program on April 12, 1994, which allowed her to use the equipment. Ms. Harkins worked out at the Hospital four or five times per week. She had been a member of the program for more than two months prior to the day of her fall and always parked her automobile in the same area when working out at the Hospital. Then, she would walk across the grassy median in the parking area going to and from the entrance to the hospital. She was very familiar with the general area |2where she ultimately fell, as she had crossed it between seventy-two and eighty times, going into and coming out of the Hospital the previous two months.
On June 15, 1994, Ms. Harkins arrived at the hospital at approximately 5:00 p.m. For one hour, she worked out in the hospital by walking laps and exercising on the treadmill, stationary bike, and another machine to work her shoulder area. She left the hospital around 7:00 p.m. and walked across the grassy median along the cement driveway, in order to get to her ear, where she tripped on a piece of black vinyl garden border material, hidden in the grass, and fell to the ground, seriously injuring herself. Another person helped her to get up and walked her to her car. Ms. Harkins drove herself home. In considerable pain, she then went to see her neighbor, Ms. Maggie LeVasser, who immediately brought her back to the hospital for treatment between 7:00 and 7:30 p.m. In the emergency room, Ms. Harkins told the doctor, Dr. Zev-David Nash, and Nurse Ellen Matthis that she had tripped when stepping over the curb. She was given medicine for the pain, an TV, and x-rays were taken. She was found to have an anterior dislocation of the right shoulder and had to endure a painful procedure to reset her shoulder. Notwithstanding, she was dispatched to an Schumpert Medical Center in Shreveport, Louisiana, for additional treatment, as the emergency room personnel thought her shoulder was not back in place. Eventually, she got home at 2:30 a.m. that night.
Two weeks after the fall, Ms. Harkins went back to the area to see just exactly where the accident happened. Then, she asked her daughter, Ms. Sandra Martin, to take photographs of the grassy median where she had fallen.
Dr. A.E. Dean treated Ms. Harkins after the fall. The degenerative changes in her shoulder resulting from her fall required surgery, an acromioplasty, to repair a tom rotatory cuff. This was accomplished on November 1, 1994. Dr. Dean noted pre-existing degenerative changes in the tendons of her rotatory cuff. He opined that Ms. Harkins may have had a partial tear of the rotatory cuff, which subsequently tore completely with motion and use by Mr. Harkins after her fall. He last saw her for a checkup on June 19, 1995. At that time, he released her without any restrictions other than to do some limited home stretching exercises.
Ms. Harkins never regained full use of her right shoulder even after the surgery. The doctor opined that the surgery might have to be redone but that he did not|3recommend it at that time. Ms. Harkins does not want to go through the surgery again and she lives with constant pain from her injury.
Prior to her fall, she was completely independent and able to care for herself and her apartment. After the fall, she requires assistance in cleaning her apartment and managing her daily life’s activities because of the partial loss of use of her right shoulder. This loss of use is permanent, and it continues to be painful to her.
Accordingly, the trial court awarded her $50,000.00, which included medical expenses of $8,600.00 and general damages for pain *21 and suffering, past and future disability, and deterioration of her general lifestyle.
ASSIGNMENTS OF ERROR
The hospital contends:
1. The trial court committed legal error by holding Natchitoches Parish Hospital negligent under La.R.S. 9:2800.6; that it is not covered by this statute governing liability of merchants for actions that occur on their premises; that the wrong burden of proof was applied by the trial court.
2. The trial court committed manifest error by failing to assign fault for any injuries to the actions of Ms. Harkins.
3. The trial court committed manifest error in holding that Ms. Harkins may require additional surgical intervention and that the trial court’s award of $50,-000.00 is clearly improper and excessive based upon the testimony presented at trial.
LAW
Ms. Harkins relies on the theories of negligence and strict liability to establish the liability of the hospital. Finding that there was sufficient evidence of negligence under La. R.S. 9:2800.6, the trial court did not address the strict liability argument.
We agree with the hospital’s contention that hospitals are not covered by this statute governing merchants. See Neyrey v. Touro Infirmary, 94-0078 (La.App. 4 Cir. 6/30/94); 639 So.2d 1214; Reynolds v. St. Francis Medical Center, 597 So.2d 1121 (La.App. 2 Cir.1992). Accordingly, we must examine the duty the hospital does have in light of the facts of this ease.
I4A hospital owes a duty to its visitors to exercise reasonable care commensurate with the particular circumstances. Morrison v. Baton Rouge Gen. Med. Cen., 93-1055 (La.App. 1 Cir. 4/8/94); 635 So.2d 768, writ denied, 94-1192 (La.7/1/94); 639 So.2d 1165; Reynolds, 597 So.2d 1121, cited in Neyrey v. Touro Infirmary, 639 So.2d 1214. It must prove it acted reasonably to discover and correct a dangerous condition reasonably anticipated in its business activity. LeBlanc v. Alton Ochsner Medical Foundation, 563 So.2d 312 (La.App. 5 Cir.1990) cited in Neyrey v. Touro Infirmary, 639 So.2d 1214.
In the instant case, Ms. Harkins is required to prove that she tripped and fell and was injured because of some defect at the hospital’s premises, creating a presumption of negligence on the hospital’s part. If she meets this burden of proof, the hospital must exculpate itself from that presumption. Neyrey, 639 So.2d 1214; Reynolds, 597 So.2d 1121; LeBlanc, 563 So.2d 312.
Ms. Harkins established that she fell because she tripped on the black vinyl plastic gardening border, which was partially hidden, by the grass, on the grassy median leading to the parking lot where she parked her car, that she suffered a dislocated shoulder, which ultimately required surgery, and that she might require additional surgery.
It was then up to the hospital to exculpate itself from this presumption of liability. Reynolds, 597 So.2d 1121. This, it failed to do. It offered no proof to show that it acted with reasonable care, under the circumstances, by having a black vinyl gardening border hidden in an area, near its entrance, which was regularly traversed by persons using the hospital’s facilities and which apparently served no useful purpose. Nor did it offer proof that it acted reasonably to discover, and correct, the potential hazard. Instead, it chose to defend itself by simply contending that Ms. Harkins had made inconsistent statements about the location where she tripped and attempted to prove that the location of the accident actually occurred at the curb of the median, some ten feet away from the black vinyl plastic gardening border, based upon Ms. Harkins’ statements to the emergency room doctor and nurse.
The trial judge listened to all the evidence, made his credibility determinations, and made a finding of fact that she tripped on the gardening border on the grassy median. Given all of the evidence, this has a reasonable basis. Especially considering the fact that Ms. Harkins was in substantial pain from a separated shoulder while she | gwas in *22 the emergency room, her making a miscalculation about the exact location of where she tripped is entirely understandable. We find nothing in the record to indicate manifest error regarding this factual finding.
Furthermore, we agree with the trial judge that “It would seem reasonable to believe that the grounds keeper knew the piece of vinyl border material was present there and took no action to remove it or place warning signs that it existed. The failure to either remove the vinyl or place warning signs that it was there is a failure to exercise reasonable care and under the theory of negligence the defendants must be responsible for the injuries sustained by this plaintiff.”
The hospital’s second and third assignments of error, regarding the trial court’s failure to assign fault to Ms. Harkins, its finding regarding the need for additional surgical intervention, and its award of $50,-000.00, are likewise without merit. All are within the purview of the trial court’s vast discretion and are entitled to great deference. The record does not reveal that these decisions are unreasonable. Stobart v. State, through Department of Transportation & Development, 617 So.2d 880 (La.1993).
CONCLUSION
We find that the trial court erred in applying La.R.S. 9:2800.6 to the hospital. However, the record contains sufficient evidence of the hospital’s negligence to sustain a finding of its liability for Ms. Harkins’ injuries, as once the burden of proof passed to the hospital to exculpate itself, it did not offer any proof. Accordingly, the judgment is affirmed. All costs are assessed to defendant.
AFFIRMED.
AMY, J., dissents.