812 So.2d 904 (2002)
Edna JONES
v.
CITY OF NEW IBERIA.
No. 01-1085.
Court of Appeal of Louisiana, Third Circuit.
March 27, 2002.
Writ Denied June 14, 2002.
*905 Allen Roy Ingram, Attorney at Law, Lafayette, LA, for Edna Jones.
Rodd Anthony Naquin, Louisiana Municipal Association, Baton Rouge, LA, for City of New Iberia.
Court composed of NED E. DOUCET, JR., Chief Judge, ULYSSES GENE THIBODEAUX, BILLIE COLOMBARO WOODARD, MARC T. AMY and ELIZABETH A. PICKETT, Judges.
AMY, Judge.
The plaintiff alleges that she sustained injury when a chair at a City of New Iberia facility collapsed underneath her. She filed suit against the City, alleging negligence in the failure to inspect or detect the defective chair. The trial court found in favor of the plaintiff. The City appeals. For the following reasons, we reverse and render.

Factual and Procedural Background
The plaintiff, Edna Jones, filed suit against the City of New Iberia, seeking damages related to back, leg, and arm injuries she alleges were sustained while attending a Food for Families program at the City's Martin Luther King Center. Ms. Jones alleges that, on the date of the accident, she arrived at the facility, walked to a registration table, checked in, and then retrieved a metal-folding chair that was placed near the wall. She testified that she did so because all of the chairs set out for participants were occupied. Ms. Jones stated that she opened the chair and that when she sat down, it collapsed. Ms. Jones fell with the collapsed chair. She contends that the back brace on the chair was defective, causing all four of the legs to collapse. Ms. Jones contends that she sustained injuries to her back, leg, and arm as a result of the fall.
Suit was filed against the City of New Iberia, alleging negligence in the City's failure to "provide safe and sturdy furniture for its guests[,]" failure to warn of the "inherent dangers" of its furniture, in "[b]eing inattentive in its responsibilities to provide adequate and proper furniture[,]" and in "all other acts of omission or commission constituting negligence...." The City answered the petition, pleading the limitation of liability for public bodies set forth in La.R.S. 9:2800. By a *906 supplemental and amending petition, the chair's manufacturer was added as a defendant. The manufacturer was subsequently released by summary judgment.
Suit against the City proceeded, with a bench trial held on May 21, 2001. The trial court rendered judgment in favor of the plaintiff, awarding $5,000 in general damages and $4,963.81 in medical expenses. The City appeals, alleging the following assignments of errors:
I. The Trial Court erred in holding the City of New Iberia liable without notice of the alleged defect.
II. The Trial Court erred in holding the City of New Iberia liable without a finding that the City of New Iberia breached its duty to the public.
III. The Trial Court erred in the application and analysis of the controlling law.
IV. The Trial Court erred in basing its finding of causation on pure speculation.
V. The Trial Court erred in basing its findings of causation on unreasonable inferences from the evidence presented at trial.

Discussion
In its several assignments of error, the City questions the trial court's determination that the plaintiff proved the elements necessary for recovery. In Netecke v. State ex rel. DOTD, 98-1182, 98-1197 (La.10/19/99); 747 So.2d 489, the Louisiana Supreme Court considered a plaintiffs burden of proof when proceeding against the State under either a negligence theory, through La.Civ.Code art. 2315,[1] or one of strict liability, through La.Civ.Code art. 2317[2] and La.R.S. 9:2800.[3] The Court explained that a plaintiff must demonstrate that: 1) The governmental entity had custody of the thing causing the plaintiffs injuries/damages; 2) The thing was defective due to a condition creating an unreasonable risk of harm; 3) The entity had actual or constructive knowledge of the defect and failed to pursue remedial measures within a reasonable time; and 4) The *907 defect was a cause-in-fact of the injuries/damages. Id. This burden of proof is applicable in the instant matter as the defendant is a governmental entity that asserted the applicability of La.R.S. 9:2800.
In ruling, the trial court explained:
Basically, the finding is one of negligence and not strict liability. The Court finds the City (of New Iberia) was negligent in putting the chair against the wall where Mrs. Jones could pick it up and put it in service. The most reasonable inference from the evidence is that one of the people who was helping Mrs. [Narcisse] noticed a problem with the chair during set up and stacked it against the wall and she simply neglected to see it and take it out of service. Otherwise, the Plaintiff has failed to prove notice on the part of the City (of New Iberia) for 2317 liability. The procedure employed was fine. It was just a breakdown in the procedure and that more likely than not one of the people helping with the set up put the chair against the wall instead of putting [it] somewhere where no one could get hold of it.
Following this inquiry, defense counsel inquired as to the finding of notice, or lack thereof, stating to the trial court that: "Because I think to establish negligence against the City, you have to establish that. That is why I am asking." The trial court further explained:
There was no notice of any defect. The City was negligent because a person acting for or on behalf of the City noticed this particular chair was defective and put it against a wall where a member of the general public, such as Mrs. Jones, could then get it and try to use it. So that is where the fault came in on this particular chair. There was no general finding of a duty to inspect that was breached in this particular case, or there was no general finding of notice in general. But specifically, the most reasonable inference from the evidence is that one of the patrons helping Mrs. Narcisse, or Mrs. Narcisse herself, was putting the chair out, noticed that it had a problem, propped it against a wall instead of putting it somewhere where it couldn't be used, and Mrs. Jones saw that there were no chairs out for her to sit in, saw the chair against the wall, picked it up, and sat in it, causing her injuries.
The trial court's determination that no notice was proven, as is required by La. R.S. 9:2800, coupled with its ultimate conclusion that the City is liable under a theory of negligence, is erroneous. As can be seen by the discussion in Netecke, the plaintiff's inability to prove the essential element of actual or constructive notice bars recovery.
Considering the record, it is apparent that the trial court's determination as to the lack of proof of notice is an accurate reflection of the evidence presented. The plaintiff presented testimony from several City employees who explained the procedure by which the chairs were inspected and set up for visitors to the Center. Alvin Dominick, Jr., an area supervisor for the City's Parks and Recreation Department, explained that the folding chairs are stored on racks and that, prior to the Food for Families program, maintenance workers and the janitor have the responsibility to set up the chairs. Although there is no written policy for inspection of the chairs, Mr. Dominick explained that the employees were told to inspect the chairs as they are setting them out to ensure that they were not bent or missing rubber pads on the legs. If an employee found a chair with a broken cross-brace, his policy was to destroy the chair. He explained that *908 there was a place in the storage area for any broken chairs, but that since his policy is to destroy any such chairs, there is at most one in the storage area. In his twenty-six years with the City, Mr. Dominick did not know of any other chairs collapsing.
Jeanie Sigue Narcisse, the facility's janitor, testified that she put out the chairs on the day of the plaintiff's accident. She explained that on days the Food for Families program is held, she takes the chairs from the rack, visually inspecting them as she is doing so, wipes the chair seats for cleaning purposes, and hands them to several program participants who may assist her. She testified that there was never a time when she took a chair from the rack, identified that it had a problem, and placed it on the wall. She explained that she would not do so for fear someone would take the chair from the wall and then fall.
From this testimony, the trial court determined that the most likely explanation for the accident's occurrence was that one of the participants assisting Ms. Narcisse noticed a defective chair and placed it against the wall. The evidence presented in the record, however, indicates that this is only speculation. In short, the plaintiff presented evidence indicating that a City employee removed chairs from the rack, inspected them, and gave them to others to set out. Subsequently, a chair was found leaning against a wall, the plaintiff attempted to sit in the chair, and the chair fell to the floor. Any conclusions regarding causation or notice are speculative in nature and not supported by evidence. The plaintiff's presentation lacks any indication that the City had notice of a defective condition as is required by La.R.S. 9:2800 and Netecke. Even if "constructive" notice was urged, the evidence is not sufficient to satisfy the definition of La. R.S. 9:2800(C) which provides that: "Constructive notice shall mean the existence of facts which infer actual knowledge." Even if these type of facts exist, they were not proven. Thus, the plaintiffs case must fail.
Having determined that the trial court erred in finding that the City had no notice of any defective condition, but then found the City liable for negligence, we have considered the evidence presented and reverse the judgment entered in favor of the plaintiff.

DECREE
For the foregoing reasons, the judgment entered in favor of the plaintiff, Edna Jones, is reversed. Judgment is entered in favor of the defendant, the City of New Iberia. All costs of this proceeding are assessed against the plaintiff.
REVERSED AND RENDERED.
THIBODEAUX, J., dissents and assigns written reasons.
WOODARD, J., dissents for the reasons assigned by Judge THIBODEAUX.
THIBODEAUX, J., dissenting.
I disagree that the trial court determined that notice was lacking. While it is true that the trial court observed "there was no notice of any defec[t]", one has to gauge the context in which this comment was made. The trial court explained on at least three occasions that someone helping Ms. Narcisse "noticed" a problem with the chair. "Otherwise", the court explained, "the plaintiff has failed to prove notice on the part of the City for 2317 liability." A careful analysis of the trial court's Reasons for Judgment convinces me that when the court mentioned a lack of notice on the part of the City, a reasonable inference is that, other than the person helping Ms. Narcisse, there was no notice. The trial *909 court did not mean an absolute lack of notice. Why else would the court use the term "otherwise?" This appears to be the only way to reasonably reconcile the trial court's seemingly conflicting observations. All of the chairs in the building were occupied. Why, then, would the chair in which the plaintiff sat be against the wall, especially in view of the crowded status of the room? There is no other reasonable explanation for, or reasonable inference to be drawn from, the court's conclusion, except that something was wrong with the chair and the employee or employees noticed a defect during the set up of the chairs in the building. Hence, the placement of the chair against the wall.
Furthermore, the trial court's determination of notice is a factual one to which we should accord some deference. It is reasonably supported by the record. The facts of this case reasonably support a finding of notice and causation.
For the foregoing reasons, I respectfully dissent and would affirm the factual findings and judgment of the trial court.
NOTES
[1] La.Civ.Code art. 2315 provides, in part:

Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
[2] La.Civ.Code art. 2317 provides, in part:

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody.
[3] La.R.S. 9:2800 reads:

§ 2800. Limitation of liability for public bodies
A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. Public entity also includes housing authorities, as defined in R.S. 40:382(1), and their commissioners and other officers and employees.