# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-61

**CLAUDIA REYNOLDS GENTRY**

**VERSUS**

**JOHNNY BIDDLE, JR., M.D., LPCF**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2000-2756
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Michael G. Sullivan and Elizabeth A. Pickett, Judges.

**AFFIRMED AS AMENDED.**

**David B. McCain**
**Joe A. Brame**
**Brame & McCain**
**426 Kirby St.**
**Lake Charles, LA 70601**
**(337) 439-4571**
**Counsel for Plaintiff:**
  **Claudia Reynolds Gentry**

**Michael Keith Prudhomme**
**Thomas P. LeBlanc**
**Lundy & Davis, L.L.P.**
**501 Broad Street**
**Lake Charles, LA 70601**
**(337) 439-0707**
**Counsel for Intervenor-Appellant:**
  **Louisiana Patients' Compensation Fund Oversight Board**

**Pickett, Judge.**

The Louisiana Patients' Compensation Fund (PCF) appeals a judgment of the trial court awarding damages to the plaintiff, Claudia Reynolds Gentry, arguing that the trial court improperly excluded certain evidence from the trial of this matter. Gentry has answered the appeal seeking an increase in the damage award. For the following reasons we amend the judgment to increase damages and, as amended, affirm.

## FACTS

Dr. John Biddle, Jr., performed a Caesarian section and bilateral tubal ligation on Claudia Reynolds Gentry on January 25, 2000. During the procedure, Dr. Biddle unknowingly punctured Gentry's cecum. Gentry spent four days in the hospital post surgery, during which time she complained of swelling and pain in her abdomen. Nevertheless, she was discharged from the hospital on January 29, 2000. Significantly, Dr. Biddle noted positive bowel sounds and flatus, but Gentry had not had a bowel movement at the time of her discharge. Dr. Biddle prescribed laxatives in an effort to resolve this issue.

When her pain intensified after her discharge, Gentry returned to the hospital on January 30, 2000. Dr. Biddle continued to use diagnostic testing to discover the cause of Gentry's problem, with no results. On February 4, 2000, Dr. Biddle consulted with Dr. Thomas Rossowski, a general surgeon, who immediately prepared Gentry for a laparotomy. Dr. Rossowski immediately noted the problem upon making the abdominal incision. According to his operative report, "a large amount of green stool promptly spilled over and covered patient's sheets and our nurse's wardrobe." Dr. Rossowski discovered two linear perforations in Gentry's cecum. He removed

13.9 centimeters of her right colon, cleaned up the abdomen, and performed a colostomy and ileostomy. Gentry had to undergo additional surgeries on February 9 and February 19. She remained in the intensive care unit for twenty days, through February 24, 2000. She remained in the hospital through March 9, 2000.

Gentry, individually and on behalf of her minor children, Katie Scarlett Alexandra Gentry, age 12, John Andrew Cocodrie Reynolds-Gentry, an infant, and her daughter, Melodie Marie Tete, (hereinafter collectively referred to as Gentry) instituted a medical malpractice claim against Dr. Biddle on May 1, 2000, by requesting a Medical Review Panel with the Patients' Compensation Fund Oversight Board. On June 13, 2001, the Medical Review Panel issued its report. The panel found that Dr. Biddle had failed to meet the appropriate standard of care in delaying the consultation with a general surgeon past February 2, 2000. As to the issues of the injury to the cecum and her original discharge on January 28, the panel stated:

> From the records provided, it is extremely difficult for us to make any definitive finding as to the actual cause of the bowel injury. However, even if it was caused by sharp or blunt trauma during the surgery, this is a potential complication of the procedure which is listed on the consent form. We do note that this is a very uncommon complication in the literature and in our personal practices. Also, it is not a requirement for discharge that the patient had a bowel movement, as long as bowel sounds are present and the patient is passing flatus.

On June 14, 2001, Gentry filed a Petition for Damages in district court, alleging two acts of medical malpractice against Dr. Biddle: causing the perforations to her intestines during the initial surgery and treating Gentry conservatively upon her readmission. Following almost two years of discovery, Dr. Biddle tendered $100,000.00 to Gentry to settle her claims. The parties filed a joint petition for approval of the settlement on March 31, 2003. The PCF intervened and filed exceptions, objections, and an answer to the proposed settlement. The PCF denied

2

that Dr. Biddle's actions were negligent as alleged in the joint petition. The trial court overruled the exceptions and objections of the PCF, and entered a judgment approving the settlement on May 7, 2003. The PCF continued to argue that the admission of liability was limited only to those acts that the medical review panel found were negligent, and did not include the acts the panel found were not negligent, specifically, the original injury to the intestines during the surgery. The court found, however, that the admission of liability was a blanket admission and refused to allow any evidence to the contrary.

A jury trial began on June 15, 2004. The jury rendered a verdict on June 18, 2004, in favor of Gentry. The jury awarded Claudia Gentry $300,000.00 in general damages, past medical expenses of $65,046.67, and future medical expenses of $1,080.00. The jury awarded consortium damages to Katie Scarlett Alexandra Gentry in the amount of $15,000.00, to John Andrew Cocodrie Reynolds-Gentry in the amount of $10,000.00, and to Melodie Marie Tete in the amount of $2,500.00. Gentry filed a judgment notwithstanding the verdict seeking an increase in the amount of general damages awarded from $300,000.00 to an amount over $500,000.00. The trial court denied the JNOV. Both the PCF and Gentry now appeal the judgment.

## ASSIGNMENTS OF ERROR

The PCF asserts three assignments of error:

1. The trial court erred in concluding that the statutory admission of liability in this case was an unqualified admission of liability for all acts of medical negligence alleged by Gentry in their petition for damages, as opposed to only an admission of liability for failing to timely obtain a surgical consult – the only action by Dr. Biddle found to actually be malpractice by the uncontradicted evidence.

3

2.  The trial court abused its discretion by precluding the Fund from presenting the testimony of the medical review panel members and Dr. James Brown regarding when damages accrued in this case and what damages flowed therefrom.

3.  The trial court erred in denying the Fund's motion for partial summary judgment seeking to strike any claims by Gentry that malpractice occurred at the time of surgery by Dr. Biddle on January 25, 2000.

Gentry asserts one assignment of error:

1.  The jury's decision was manifestly erroneous in its determination that Gentry's general damages totaled only $300,000.00.

## DISCUSSION

Initially, we note that Gentry has filed a Motion to Dismiss the PCF's appeal relating to the denial of the Partial Motion for Summary Judgment (PCF's third assignment of error). She cites La.Code Civ.P. art. 968, which states:

> Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover's right to the relief not granted on motion.

> An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment.

Gentry argues that the final sentence in the article means that no appeal is available for a denial of a motion for summary judgment even after there is a final judgment on the merits. They cite a first circuit case which reached the same conclusion, *CITGO Petroleum Corp. v. State ex rel. Dept. of Rev.*, 02-999 (La.App. 1 Cir. 4/2/03), 845 So.2d 558, *writ denied*, 03-1243 (La. 6/27/03), 847 So.2d 1274. This circuit actually reached the same conclusion in a 1976 case, *Bruno v. Hartford Acc. & Indem. Co.*, 337 So.2d 241 (La.App. 3 Cir. 1976). In *Bruno*, the court stated:

> An appeal does not lie from the trial court's refusal to maintain a motion for summary judgment. LSA-C.C.P. Art. 968. Comment (d)

4

of Article 968 states that a trial court's action in overruling a motion for summary judgment may be considered under the appeal from the final judgment in the case. We do not agree with that comment, nor did the court in *Ellermann v. Matthew*, 165 So.2d 850, 853 (La.App.4th Cir. 1964). Comments form no part of a statute, are not binding, and are merely aids to interpretation.

It is our opinion that a denial of a motion for summary judgment is not reviewable even upon appeal from the final judgment on the merits. There is nothing in the instant case to warrant a departure from what we consider to be the general rule of law. Trial courts are consistently admonished to proceed cautiously in granting a summary judgment if any doubt exists as to the right of a party to a trial. Allowing review of the trial court ruling would put the appellate court in the position of trying the question of doubt in the mind of the trial judge; furthermore, if such review was allowed, one who had sustained his position after a fair hearing of the whole case might nevertheless lose, because on the hearing of the motion, he had failed to offer proof satisfactory to the appellate court. For cases supporting this view, see 15 A.L.R.3d 922, et seq.

*Id.* at 242-43. This court affirmed its decision in *Bruno* in *Samedan Oil Corp. v. Ultra Fabricators, Inc.*, 98-1516 (La.App. 3 Cir. 3/3/99), 737 So.2d 846. In opposition to the Motion to Dismiss, PCF cites first and second circuit cases which state that an immediate appeal does not lie from a denial of a motion for summary judgment, but can be appealed with the final judgment.

The issue central to PCF's appeal, however, is when the malpractice occurred and thus damages began to accrue. As the trial court denied the motion for summary judgment, there remains the legal question that must be resolved as part of the first assignment of error as to whether the admission of liability covers all acts by Dr. Biddle, beginning with the surgery, or only those cited as malpractice by the medical review panel. As we now have all the evidence before us following a trial on the merits, there is no need to reconsider the summary judgment motion.

The first assignment of error alleges that the trial court erred by ruling that the malpractice committed by Dr. Biddle began on January 25, the date of the surgery.

5

The trial court consistently disallowed evidence that the fund tried to submit that the malpractice did not actually occur until February 2, as the medical review panel stated in its findings. Further, the jury instructions contained the statement that Dr. Biddle admitted "that treatment of Claudia Reynolds Gentry was below the standard of care commencing on January 25, 2000." The question is the effect of the admission of liability by Dr. Biddle by the tender of $100,000.00. Gentry argues, and the trial court agreed, that the tender and resultant joint petition was an admission of all acts alleged to be malpractice in the petition for damages, namely the injury to the bowels during the original surgery and failure to timely obtain a surgical consult. The PCF argues that the evidence only supports a finding that the malpractice only occurred when Dr. Biddle failed to obtain a surgical consult on February 2, as the medical review panel found. Thus, damages due to malpractice did not begin to accrue until February 2, and the PCF should have been allowed to offer testimony that most of the damage was already done by the time the malpractice occurred.

It is well established that the PCF cannot contest liability once a qualified healthcare provider has tendered payment of $100,000.00. La.R.S. 40:1299.44(C)(5); *Graham v. Willis-Knighton Medical Center*, 97-188 (La. 9/9/97), 699 So.2d 365. Further, once the trial court approves the settlement between the plaintiff and the qualified healthcare provider, it may not be appealed. La.R.S. 140:1299.44(C)(6). Essentially, the PCF is attempting to appeal the settlement. As we have no jurisdiction to reconsider the settlement, this assignment of error lacks merit.

The second assignment of error concerns the trial court's ruling limiting evidence in this case. Gentry filed a motion to order the PCF to refrain from introducing evidence that the statutory admission of liability was limited to the acts

found to be malpractice by the medical review panel. The PCF filed a motion to prohibit Gentry from introducing any evidence regarding the admitted liability of Dr. Biddle except for the failure to obtain a surgical consult in a timely manner. The trial court granted Gentry's motion and denied the PCF's. The PCF sought supervisory writs from this court, which were denied. *Gentry v. Biddle*, an unpublished writ disposition bearing docket number 04-798 (La.App. 3 Cir. 6/15/04). The supreme court also denied a writ of certiorari. *Gentry v. Biddle*, 04-1509 (La. 6/16/04), 876 So.2d 787. The PCF now asks us to review that ruling. Gentry asserts that the previous rulings on this issue are the law of the case and should not now be reversed.

This court explained the doctrine of "law of the case" in *Griggs v. Riverland Medical Center*, 98-256 (La.App. 3 Cir. 10/14/98), 722 So.2d 15, 19, *writ denied*, 99-0385 (La. 5/28/99), 735 So.2d 622:

> The "law of the case" doctrine applies to prior rulings of the appellate court and/or supreme court in the same case. It applies to parties who were involved in the litigation at the time of the prior ruling and had their day in court. The doctrine provides that "an appellate court ordinarily will not reconsider its own rulings of law in the same case." *Sharkey v. Sterling Drug, Inc.*, 600 So.2d 701, 705 (La.App. 1 Cir.), *writs denied*, 605 So.2d 1099, 1100 (La.1992). The purposes of the doctrine are to avoid litigating the same issue again, promote consistency of result within the case, promote essential fairness to the parties, and judicial efficiency. *Cree Oil Co. v. Home Ins. Co.*, 94-1219 (La.App. 3 Cir. 3/8/95); 653 So.2d 620, *writ denied*, 95-1554 (La. 9/29/95); 660 So.2d 875. The "law of the case" is discretionary, being inapplicable to cases in which the prior decision was palpably erroneous or its application would result in manifest injustice. *Willett v. Premier Bank*, 97-187 (La.App. 3 Cir. 6/4/97); 696 So.2d 196.

Given the discretion afforded trial courts in evidentiary rulings, we find no palpable error in the previous ruling of this court. We find the doctrine of "law of the case" to be applicable, and find the assignment of error lacks merit.

7

The PCF's final assignment of error is a reargument of the first in the context of a denial of a motion for summary judgment. Just as the first assignment of error lacks merit, this assignment of error lacks merit.

Gentry filed an answer to the appeal, seeking an increase in the general damage award. The Louisiana Supreme Court set forth the standard for appellate review of a trial court's award of general damages in *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 114, 114 S.Ct. 1059 (1994):

> [T]he discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

Gentry was required to spend 20 days in ICU following the initial surgery to repair the damage caused by the malpractice of Dr. Biddle, and was not discharged from the hospital until two weeks later. During this time, she had a newborn infant at home. She has had a total of four surgeries. Her abdomen is clearly deformed as a result of the numerous surgeries and treatments. We find that the award is unreasonably low, and we increase the award of general damages to Claudia Reynolds Gentry to $472,500.00, an amount equal to the statutory cap less the awards to Mrs. Gentry's children.

## CONCLUSION

The judgment is amended to increase the award of general damages to Claudia Reynolds Gentry from $300,000.00 to $472,500.00. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Louisiana Patients' Compensation Fund.

**AFFIRMED AS AMENDED.**