# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-683


**JACKIE KING, ET UX.**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 198,645
HONORABLE ROBERT P. JACKSON, DISTRICT JUDGE PRO TEMPORE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Marc T. Amy and James T. Genovese, Judges.

**REVERSED AND RENDERED.**


**James E. Calhoun**
**Assistant Attorney General**
**Post Office Box 1710**
**Alexandria, LA   71309-1710**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **State of Louisiana, Through Louisiana State University -**
   **Health Care Services - Huey P. Long Medical Center**

**David L. Guillory**
**322 Main Street**
**Pineville, LA   71360**
**(318) 443-7822**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
   **Jackie King**

AMY, Judge.

The plaintiff alleges she was injured after slipping on motor oil on the sidewalk outside a state-owned hospital. She brought suit against the State, alleging causes of action based on strict liability due to defective premises and/or general principles of negligence. The trial court found in favor of the plaintiff. The State appeals, asserting the following assignments of error: 1) the trial court erred in denying the exception of prescription and 2) the trial court erred in finding in favor of the plaintiff despite the lack of evidence regarding what caused the oil to be in the parking lot, how long it had been there, and whether the State had actual or constructive notice of its presence. For the following reasons, we reverse.

**Factual and Procedural Background**

The plaintiff, Jackie King,[1] alleges that she was injured when she slipped on a foreign substance on a sidewalk outside Huey P. Long Hospital on October 14, 1998. She claims injuries primarily to her neck and back and exacerbation of her pre-existing condition of fibromyalgia. Alleging negligence and/or strict liability on the part of the hospital, she filed suit in city court against the State, through the Department of Health and Hospitals, on October 9, 1999. The defendant's agent for service of process received service on October 14, 1999. An exception of lack of jurisdiction was granted, and the case was transferred to the Ninth Judicial District Court on January 13, 2000. The defendant raised exceptions of prescription first on March 15, 2000, and then on September 6, 2007, both of which were denied. On September 18, 2007, the State's application for supervisory writs on the prescription

---

[1] Initially, Jackie King and her spouse, Roy King, were both plaintiffs in this suit. However, they were divorced in January 2002. The judgment in this matter reveals that the claim of Roy King is declared abandoned. Accordingly, we will only discuss the claims of Jackie King.

issue was denied. See *King v. State of Louisiana*, an unpublished writ opinion bearing docket number CW07-1141.

Insofar as the parties stipulated to a waiver of a jury trial, the case proceeded as a bench trial. The trial court rendered judgment in favor of the plaintiff. The State appeals, assigning as error the trial court's denial of the exception of prescription and its ruling that "a patch of oil is a 'defect' and created a presumption of negligence," particularly in light of the alleged lack of evidence regarding the origination of the oil, the duration of its presence on the sidewalk, and the defendant's knowledge of it.

## Discussion

*Exception of Prescription*

The trial court denied the State's exception of prescription on two occasions, and this court denied the writ application arguing same. The State now renews its argument on appeal and requests review of the issue. This court discussed the law of the case doctrine in *Corkern v. Smith*, 06-1569, p. 4 (La.App. 3 Cir. 6/6/07), 960 So. 2d 1152, 1155, *writ denied*, 07-1803 (La. 1/25/08), 973 So.2d 754:

> Generally, the law of the case doctrine applies to prior rulings of the appellate court and an appeals court will not reconsider its own ruling in the same case. *Gentry v. Biddle*, 05-61 (La.App. 3 Cir. 11/2/05), 916 So.2d 347. However, the application of this doctrine is discretionary and an appellate court may reconsider an issue if the prior decision was "palpably erroneous or its application would result in manifest injustice." *Id.* at 352 (quoting *Griggs v. Riverland Med. Ctr.*, 98-256, p. 6 (La.App. 3 Cir. 10/14/98), 722 So.2d 15, 19, *writ denied*, 99-385 (La.5/28/99), 735 So.2d 622).

Finding no palpable error in the prior rulings on the exception of prescription and no manifest injustice in applying the law of the case doctrine, we decline to further review this matter.

2

*Burden of Proof*

The plaintiff asserts a claim under theories of both strict liability and negligence. However, the enactment of La.R.S. 9:2800 has collapsed this distinction in claims against public entities, such as the State. Now, both theories require proof of actual or constructive notice of the defect which caused the injury. Louisiana Revised Statutes 9:2800, at the time of the plaintiff's alleged accident, provided in pertinent part:

> A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.

> B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

> C. Constructive notice shall mean the existence of facts which infer actual knowledge.

In *Netecke v. State ex rel. DOTD*, 98-1182, 98-1197 (La. 10/19/99), 747 So.2d 489, the Louisiana Supreme Court discussed a plaintiff's burden of proof when proceeding against the State under either a negligence theory or a theory of strict liability. Citing La.Civ. Code art. 2315, La.Civ.Code art. 2317, and La.R.S. 9:2800, the supreme court explained that it is the plaintiff's burden to prove that: 1) the State had custody of the thing causing the plaintiff's injuries; 2) the thing was defective due to a condition which created an unreasonable risk of harm; 3) the State had actual or constructive knowledge of the defect and did not remedy it within a reasonable time; and 4) the defect was a cause-in-fact of the injuries/damages. *Id.*

3

An appellate court may not set aside a jury or trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Stobart v. State, Dep't of Transp. and Dev.*, 617 So.2d 880, 882 (La.1993). The trial court found in favor of the plaintiff. Having reviewed the record, we find manifest error in the trial court's ruling. Notably, the plaintiff failed to prove that the State had actual or constructive notice of a particular vice as required by La.R.S. 9:2800. This finding of a lack of evidence regarding actual or constructive notice pretermits discussion of the remaining elements.

The plaintiff presented evidence concerning her injuries and how the accident affected her lifestyle. However, she did not put forth evidentiary proof of how long the oil was present on the walkway, what caused it to be there, or that the defendant had notice of the foreign substance's presence such that it had a reasonable opportunity to remedy the situation and failed to do so. *See Netecke*, 747 So.2d 489. While the trial court seemingly placed a burden on the defendant to rebut what it termed a "presumption of negligence,"[2] the burden of proving the elements of La.R.S.

_____

[2] In its written reasons for judgment, the trial court stated in pertinent part:

> A plaintiff bears the burden of proof to establish a prima facie case of negligence. The burden of proof applicable to a plaintiff in a slip and fall case at a hospital is described in *Harkins v. Natchitoches Parish Hospital*.[sic] 97-083 (La.App. 3 Cir. 5/7/97), 696 So.2d 19. The plaintiff "is required to prove that she tripped and fell and was injured because of some defect at the hospital's premises, creating a presumption of negligence on the hospital's part." *Id.* at 21. If she meets this burden of proof, the hospital must exculpate itself from that presumption. *Id.*
>
> In this case, Ms. King established through her testimony that an oily substance such as motor oil was present on the walkway of the hospital. The Court found Ms. King to be a credible witness. Plaintiff also presented the testimony of two physicians who treated her after the fall. Both sets of records contained comments on the origin of her injuries. Upon seeking treatment, Ms. King described the cause of her fall as oil. Plaintiff met her burden of proving by a preponderance of the evidence that a defect existed on the hospital premises that caused her to fall.
>
> When the plaintiff establishes that she tripped and fell due to a defect on the premises of the hospital, the burden of proof shifts to the defendant to rebut the presumption of negligence. In this case, the defendant presented no evidence whatsoever to rebut the plaintiff's claims. Therefore, this court finds negligence on the part of the defendant causing the plaintiff's injury.

4

9:2800 is on the plaintiff. *See Jones v. City of New Iberia*, 01-1085 (La.App. 3 Cir. 3/27/02), 812 So.2d 904, *writ denied*, 02-1149 (La. 6/14/02), 818 So.2d 781.

On appeal, the plaintiff argues that the defendant "should have known of the particular hazard," contending that the area contained blackened chewing gum. She asks this court to infer that the presence of gum "shows that the sidewalk was not maintained or cleaned and therefore no effort to discover foreign substances was ever made." This argument lacks merit. Rather, we refer to the definition of "constructive notice" included in La.R.S. 9:2800, which requires the "existence of *facts* which infer actual knowledge." (Emphasis added). Such facts are absent in this case. Consequently, we conclude that the trial court committed manifest error in imposing liability upon the State for the plaintiff's injuries. Accordingly, we reverse and render judgment in favor of the State.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed and rendered against the plaintiff, Jackie King, and in favor of the State. All costs of these proceedings are assessed against the plaintiff.

**REVERSED AND RENDERED.**