597 So.2d 1121 (1992)
Jessie REYNOLDS, Plaintiff-Appellee,
v.
ST. FRANCIS MEDICAL CENTER, Defendant-Appellant.
No. 23368-CA.
Court of Appeal of Louisiana, Second Circuit.
April 10, 1992.
Hayes, Harkey, Smith, Cascio & Mullens by Bruce M. Mintz, John B. Saye, Monroe, for defendant-appellant.
William E. Armstrong, Monroe, for plaintiff-appellee.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
SEXTON, Judge.
In this slip and fall case, the defendant, St. Francis Medical Center, appeals the trial court judgment which found the defendant liable for the injuries sustained by the plaintiff, Jessie Reynolds, and which awarded her $7,296.83 in damages. We reverse.
At approximately 1:30 p.m. on July 11, 1990, the plaintiff came to the St. Francis Medical Center to pay a bill owed by her mother. Five to ten minutes later, while leaving the hospital after paying the bill, the plaintiff slipped descending the steps outside the building, spraining her right ankle and bruising her left hip. Although neither the plaintiff nor any other witness actually saw any foreign substance where the plaintiff fell, the plaintiff testified that *1122 she had felt a "slippery substance" which caused her fall. The plaintiff was taken to the St. Francis emergency room in a wheelchair. Plaintiff testified that her clothing was "itching" and the following day she observed a spot on her clothes. Janet Antley, a registered nurse who attended the plaintiff in the St. Francis emergency room, testified that plaintiff informed her that she had stepped on something slippery. However, Nurse Antley saw no evidence of a foreign substance on the plaintiff's shoes or clothing.
Following a bench trial, the trial court rendered a written opinion. The trial court found that plaintiff slipped and fell in a foreign substance on the steps of defendant's property. This shifted the burden of proof to defendant to rebut the presumption that its negligence caused the accident. The trial court found that LSA-R.S. 9:2800.6[1] was inapplicable as the hospital, although it did operate a gift shop and a cafeteria, did not constitute a "merchant" within the meaning of that statute. Citing McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987), the trial court found that defendant failed to prove that its employees had not caused the slippery substance to be on the steps and further that defendant's inspection and cleanup procedures were not adequate under the circumstances. The trial court assessed general damages of $3500 and special damages of $3796.83, $1528.83 in medical expenses and $2268 in lost wages.
As in any slip and fall lawsuit, to establish a prima facie case against a hospital, the plaintiff must show that she slipped, fell, and was injured because of a foreign substance on the defendant's premises. LeBlanc v. Alton Ochsner Medical Foundation, 563 So.2d 312 (La.App. 5th Cir.1990); Bordelon v. Southern Louisiana Health Care Corp., 467 So.2d 167 (La.App. 3rd Cir.1985), writ denied, 469 So.2d 989 (La.1985). The burden then shifts to the defendant to exculpate itself from the presumption of negligence. LeBlanc v. Alton Ochsner Medical Foundation, supra.
Defendant's initial argument on appeal is that the trial court was in error in finding plaintiff had proved a foreign substance on the steps of the hospital caused her fall. We note that whether a plaintiff's fall was caused by a foreign substance is a question of fact which should not be disturbed on appeal in the absence of manifest error. Marshall v. A & P Food Company of Tallulah, 587 So.2d 103 (La.App.2d Cir. 1991); Estes v. Kroger Company, 556 So.2d 240 (La.App.2d Cir.1990), writ denied, 559 So.2d 1360 (La.1990). In the instant case, there is clearly a serious question as to whether there was actually a foreign substance on the hospital steps which precipitated plaintiff's fall. There was no overt evidence of any foreign substance and the only affirmative testimony on the subject is derived either directly or indirectly (through the statement to Nurse Antley) from the plaintiff. However, we do not decide the issue in light of our finding, discussed infra, that the defendant's inspection and cleanup procedures clearly constituted the exercise of reasonable care for its visitors, including the plaintiff, under the circumstances, thereby absolving the defendant of liability. We will accordingly assume arguendo that plaintiff adequately presented sufficient evidence that a foreign substance on the hospital steps caused her fall.
The ultimate issues in the instant case concern the appropriate burden on a defendant/hospital to exculpate itself from the presumption of negligence and whether St. Francis Medical Center sustained that burden.
The trial court refused to apply LSA-R.S. 9:2800.6, finding that St. Francis was not a merchant within the definition of that statute. LSA-R.S. 9:2800.6 D. Although there was some argument at trial that St. Francis operates a gift shop and a cafeteria,[2] *1123 it is clear that the "business" of St. Francis is to render medical services and not to "sell goods, foods, wares, or merchandise" as enumerated in the statute. The trial court correctly found the statute inapplicable.
Finding LSA-R.S. 9:2800.6 inapplicable, the trial court held the defendant to the standards set forth in McCardie v. Wal-Mart Stores, Inc., supra. In McCardie, the supreme court held that, not only must a store owner prove adequate safety and cleanup procedures, but must also prove that none of its employees caused the spill at issue. The practical result of the McCardie ruling was that a store owner was left with the often formidable burden of calling all of its employees to testify at trial that none had caused the spill. LSA-R.S. 9:2800.6 was enacted to legislatively overrule McCardie and lessen the merchant's burden of proof. Marshall v. A & P Food Company of Tallulah, supra; Crowther v. Kmart Corporation, 568 So.2d 669 (La.App. 4th Cir.1990), writ denied, 571 So.2d 656 (La.1990).
By applying the standards of McCardie to the instant case, the trial court imposed a greater burden on the hospital to exculpate itself from the presumption of negligence than would be placed on a merchant, who would be governed by LSA-R.S. 9:2800.6. The trial court's reasoning ignores the fact that the McCardie decision itself applied only to store owners or merchants. The legislature's decision to limit a merchant's burden of proof under LSA-R.S. 9:2800.6 would appear to stem not from a conscious decision that a merchant is entitled to a lessened burden of proof than other premises owners, but more from the inference that McCardie itself was only applicable to merchants or storeowners. Further, policy reasons would dictate that if a higher burden of proof is appropriate, it should be on the merchant, not the hospital. The merchant, to increase its sales and profit, distracts customers, directing their eyes away from the ground and toward displays and shelves of items, increasing the possibility and danger of injury from spills. See Kavlich v. Kramer, 315 So.2d 282 (La.1975). We conclude that the trial court erroneously applied the McCardie standard, a standard the legislature found too demanding even for a merchant. Defendant was therefore not required to call as witnesses all of its employees.
The central issue is whether St. Francis proved adequate inspection and cleanup procedures. It is well-settled that a hospital owes a duty to its visitors of exercising reasonable care for their safety commensurate with the particular circumstances involved. Perkins v. Springhill General Hospital, 278 So.2d 900 (La. App.2d Cir.1973); LeBlanc v. Alton Ochsner Medical Foundation, supra; Bordelon v. Southern Louisiana Health Care Corp., supra; Ryle v. Baton Rouge General Hospital, 376 So.2d 1024 (La.App. 1st Cir.1979). This duty of care is less than the duty owed by merchants to protect its patrons, again based on the Kavlich v. Kramer policy reasons. See LeBlanc v. Alton Ochsner Medical Foundation, supra.
We find that the inspection and cleanup procedures performed by the defendant's employees were clearly adequate and reasonable under the circumstances. At St. Francis Medical Center, the maintenance department cleans and inspects outside of the building, and the housekeeping department is responsible for the inside of the building. However, the front steps, where this accident occurred, is an area of overlap where both departments are jointly responsible for inspection and cleanup. Howard Hough, the maintenance foreman, testified that a three-member maintenance crew sweeps the front steps four times a day, at 7:00 a.m., 9:00 a.m., immediately after lunch, and between 2:00 and 2:15 pm. If there is a spill, the maintenance employees will mop it up. Additionally, Mr. Hough personally inspects the building, including the front steps, up to three times a day. *1124 Richard Doyle, the assistant senior supervisor of housekeeping, testified on behalf of housekeeping, which mops the front steps daily at 7:00 a.m. and then inspects the front entrance and steps every two hours. Additionally, Mr. Doyle and four other supervisors periodically check the front entrance of the hospital. Mr. Doyle testified that on a usual day, he inspects the front entrance every 30 to 40 minutes. Finally, Betty McHenry testified that if she notices anything on the front steps from her position at the information desk, she will call maintenance or housekeeping who will immediately clean it up.
While neither side specifically inquired of either supervisor about the day of the instant accident, the clear import of the record is that these extensive procedures were followed on the day in question. These inspection and cleanup procedures are clearly adequate and constitute the exercise of reasonable care for the safety of the defendant's visitors, including the plaintiff.
Further, from the evidence presented at trial, it seems unlikely that defendant's employees caused the alleged spill. Although the plaintiff testified that hospital employees were on the front steps when she fell, the St. Francis employees who testified on the subject, Ms. McHenry, Mr. Hough, and Mr. Doyle agreed that employees are not allowed to eat or drink on the front steps of the hospital. Ms. McHenry testified that hospital personnel would be reprimanded if they were found congregating on the front steps. Both Ms. McHenry and Mr. Doyle testified that they had seen visitors, but not employees, on the front steps. The preponderance of the evidence shows that any spill on the front steps of the hospital was not caused by a St. Francis employee.
In conclusion, we find that the trial court erred in holding the defendant liable for the injuries sustained by the plaintiff. Accordingly, the judgment appealed from is reversed, and judgment is hereby rendered in favor of the defendant, rejecting plaintiff's demands for damages. All costs are assessed to the plaintiff.
REVERSED AND RENDERED.
NORRIS, J., dissents and assigns written reasons.
NORRIS, Judge, respectfully dissents.
In the instant case there was admittedly a serious question whether a slippery substance on the hospital steps caused plaintiff's fall. The trial court heard the conflicting evidence, observed the demeanor of the witnesses and resolved the credibility issue in favor of plaintiff. Under the mandate of Rosell v. Esco, 549 So.2d 840 (La. 1989), I conclude that factual finding is not clearly wrong.
I agree with the majority that La.R.S. 9:2800.6 is not applicable in this case; that the rule of McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987), does not govern this case; that the correct rule requires the plaintiff to show she slipped, fell, and was injured because of a foreign substance on the defendant-hospital's premises; and at this juncture plaintiff has established a prima facie case and the burden shifts to defendant to exculpate itself from the presumption of negligence. LeBlanc v. Alton Ochsner Medical Foundation, 563 So.2d 312 (La.App. 5th Cir.1990).
Furthermore, I have no quarrel with the adequacy of the general inspection and clean-up procedures promulgated by the hospital. Beyond this, however, I differ with the majority. Simply proving these procedures exist will not, in my opinion, suffice to carry the hospital's burden of exculpating itself from the presumption of negligence. Laborde v. Winn-Dixie Louisiana, Inc., 563 So.2d 994 (La.App. 4th Cir.), writ denied, 568 So.2d 1062 (1990). There is no evidence in this record that the procedures were, more probably than not, actually carried out on the day plaintiff slipped and fell. No log of cleaning the steps in accordance with the established procedure was introduced and no employee whose duty it was to inspect or clean the steps testified that he worked on the day in question and would, in the normal course of his employment, have carried out the procedures. The testimony offered was by supervisors who simply described the general *1125 procedure. The hospital, by introducing only general evidence, failed, in my opinion, to carry its burden of exculpating itself from the presumption of negligence. LaBorde v. Winn-Dixie Louisiana, Inc., supra.
I respectfully dissent and would affirm the trial court judgment.
NOTES
[1] All citations in this opinion to LSA-R.S. 9:2800.6 refer to the original version of the statute enacted by Louisiana Acts 1988, No. 714. The current version of the statute, as amended by Louisiana Acts 1990, No. 1025, had an effective date of September 1, 1990, and is applicable to causes of action arising after that date.
[2] There is no evidence that plaintiff visited either the gift shop or the cafeteria on the date of the accident.