# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-190

PATRICIA BELL

VERSUS

**CARENCRO NURSING HOME, INC. D/B/A EVANGELINE OAKS GUEST HOUSE**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2011-7362-E
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JIMMIE C. PETERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.

**REVERSED AND REMANDED.**

**CONERY, J., concurs in the result.**

**Carolyn D. Deal**
**P. O. Box 12427**
**New Iberia, LA 70562-2427**
**(337) 414-0260**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Patricia Bell**

**Troy Allen Broussard**
**Allen & Gooch**
**P. O. Drawer 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1370**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House**

**PETERS, J.**

The plaintiff, Patricia Bell, appeals the trial court's judgment granting a directed verdict in favor of the defendant, Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House (hereinafter referred to as "Evangeline Oaks"). For the following reasons, we reverse the trial court judgment and remand the matter to the trial court for a new trial.

## DISCUSSION OF THE RECORD

This litigation arises from a December 24, 2010 accident. On that day, Patricia Bell slipped and fell at Evangeline Oaks while visiting her father-in-law, John Bell, a resident at the facility. Ms. Bell brought dinner to her father-in-law, and while preparing the food for easier consumption by Mr. Bell, she walked toward the foot of his hospital bed to bring the bedside table closer. In doing so, she encountered water on the floor and slipped and fell. During the approximately fifteen minutes she was in the room before her accident, she was unaware of the water on the floor, but while on the floor after falling, Ms. Bell noticed three other puddles of water around her.

Mr. Bell called for help, and the Evangeline Oaks staff responded, helped her to her feet, and assisted her in filing an incident report. Chawntel Walker, one of the Evangeline Oaks staff members who responded to the incident, subsequently recorded her observations on a patient care form and attached the form to the incident report. Ms. Bell subsequently sought medical attention for the injuries she claimed arose from the accident.

The trial on the merits began as a jury trial on November 9, 2015. Late in the presentation of Ms. Bell's case in chief, the trial was delayed while awaiting the arrival of her final witness. During this lull in the proceedings, counsel for Evangeline Oaks suggested that the trial court consider allowing it to have a

defense witness's deposition read to the jury "to make the most of the jury's time." Counsel for Ms. Bell did not object, and Evangeline Oaks presented the out-of-turn testimony of Chawntel Walker. Ms. Walker's testimony addressed what she suggested was the Evangeline Oaks policy concerning avoiding safety hazards such as the type of spill that injured Ms. Bell. Thereafter, Ms. Bell's final witness arrived, and she completed the presentation of her case in chief.

Immediately after Ms. Bell rested her case, counsel for Evangeline Oaks moved for a directed verdict dismissing Ms. Bell's claims. Counsel for Ms. Bell objected to the motion and asserted that Ms. Bell had proven her *prima facie* case and that the burden had, therefore, shifted to Evangeline Oaks to rebut the presumption of negligence on its part. In response, counsel for Evangeline Oaks agreed that Ms. Bell's evidence had established a *prima facie* case and that the burden had shifted to Evangeline Oaks to rebut the presumption of negligence, but argued that it had overcome that burden with Ms. Walker's out-of-turn testimony. The trial court agreed and granted the directed verdict.

Subsequent to the trial court's ruling, Ms. Bell requested, pursuant to La.Code Civ.P. art. 1917, that the trial court issue written findings of fact and reasons for its judgment. The trial court executed a written judgment dismissing Ms. Bell's claims against Evangeline Oaks on December 8, 2015, and issued written reasons for ruling on December 18, 2015. In these reasons for judgment, the trial court stated:

> The burden of proof in this case is clear and convincing. The plaintiff had to prove that the owner of the premises did not act reasonably under the circumstance, which in this case was a slip and fall in a nursing home. It was adduced through testimony that the nursing home had policies and procedures to maintain a safe working environment and to safeguard against spills and slipping hazards. In accordance with the policies and procedures indicated above, testimony indicated that each room was visited by the nursing staff once every two hours. This policy was followed on the day of the

2

incident. Furthermore, at trial, plaintiff failed to prove that the nursing home had knowledge of the spill, and that the nursing home had failed to maintain proper procedure in addressing said issue. Due to this lack of evidence, plaintiff was unable to meet her burden of proof that the nursing home had failed to act in a reasonable manner under the circumstance.

On January 5, 2016, the trial court rejected Ms. Bell's motion for reconsideration of the ruling and, in the alternative, for a new trial. Two days later, the trial court issued amended reasons for ruling wherein it changed the first sentence of the language cited above to state: "The plaintiff's burden of proof in this case is by preponderance of the evidence."

Ms. Bell timely perfected this appeal, raising two assignments of error:

1. The trial court erred in granting a directed verdict by applying La. R.S. 9:2800.6 as to merchants when the proper burden of proof in a claim for injuries caused by a condition in a hospital setting is set forth in *Neyrey v. Touro Infirmary*, 94-0078 (La.App.4 Cir. 6/30/94); 639 So. 2d 1214, which specifies that La. R.S. 9:2800.6 does not apply in a slip and fall in a hospital or nursing home setting.

2. The trial court erred in accepting the written deposition with various contradicting and unclear statements as evidence of policy and procedures of the nursing home when the nurse/witness clearly states that she is unfamiliar with housekeeping staff, scheduling and duties and unclear as to written documentation to verify their procedure; and determining the true character of the witness without the person being present and basing that character analysis from only the written deposition read into the record and determining the correctness of procedures and training without written documentation to find Evangeline [Oaks] not at fault.

**OPINION**

With regard to the grant or rejection of a motion for directed verdict, this court stated in *Jones v. Centerpoint Energy Entex*, 11-2, pp. 3-4 (La.App. 3 Cir. 5/25/11), 66 So.3d 539, 545, *writ denied*, 11-1964 (La. 11/14/11), 75 So.3d 946, that:

"[A] motion for directed verdict should be granted only if the facts and inferences are so overwhelmingly in favor of the moving party that the court finds that reasonable men could not arrive at a contrary verdict." *Guste v. Nicholls Coll. Found.*, 564 So.2d 682, 688-89

3

(La.1990). In considering the motion, the trial court is to weigh all evidentiary inferences in a light most favorable to the nonmovant—in this case the plaintiffs. *Courville v. City of Lake Charles*, 98-73 (La.App. 3 Cir. 10/28/98), 720 So.2d 789. This court reviews *de novo* a trial court's ruling on a motion for directed verdict which challenges the legal sufficiency of the evidence, and in doing so, we consider the evidence in light of the substantive law applicable to the nonmoving party's claim. *Hall v. Folger Coffee Co.*, 03-1734 (La.4/14/04), 874 So.2d 90; *Frazier v. Zapata Protein USA, Inc.*, 02-605 (La.App. 3 Cir. 12/11/02), 832 So.2d 1141, *writs denied*, 03-145, 03-126 (La.3/21/03), 840 So.2d 537, 539.

Additionally, La.Code Civ.P. art. 1810 provides that a directed verdict can be requested "at the close of the evidence offered by an opponent[.]" That being the case, "[a] motion for a directed verdict may be made either at the close of the plaintiff's case or at the close of all of the evidence, but may not be made at points in between." *Collett v. Branch*, 516 So.2d 450, 452 (La.App. 1 Cir. 1987), *writ denied*, 520 So.2d 752 (La.1988).

Thus, given the order of trial as set forth in La.Code Civ.P. art. 1632, a motion for directed verdict is appropriate at three times during trial: (1) on the motion of the defendant at the end of the presentation of evidence in the plaintiff's case in chief; (2) on the motion of the plaintiff at the end of the defendant's evidence; or (3) on the motion of either the plaintiff or the defendant at the end of the plaintiff's rebuttal evidence.

### *Assignment of Error Number One*

Ms. Bell's first assignment of error raises an error of law. In this assignment of error, Ms. Bell argues that the trial court applied the wrong burden of proof in ruling on Evangeline Oaks' motion for directed verdict. Specifically, she asserts that the trial court applied the burden of proof applicable to merchants in slip and fall cases, and not the burden of proof applied to a slip and fall in a hospital/nursing home setting. While arguing that the trial court's decision is supported by the evidence, Evangeline Oaks agrees that the hospital/nursing home

4

standard, and not the merchants' standard, is the applicable standard to be applied in this matter. Both parties agree that the standard of review for directed verdict judgments is that as previously set forth in *Jones*, 66 So.3d 539.

With regard to a slip and fall accident in a hospital setting, the fourth circuit, in *Neyrey v. Touro Infirmary*, 94-78, p. 4 (La.App. 4 Cir. 6/30/94), 639 So.2d 1214, 1216 (citations omitted), stated that:

> A plaintiff in a slip and fall case against a hospital must show the fall occurred and injury resulted from a foreign substance on the premises. The burden then shifts to the hospital to exculpate itself from the presumption of negligence. A hospital owes a duty to its visitors to exercise reasonable care commensurate with the particular circumstances. The hospital must show that it acted reasonably to discover and correct the dangerous condition reasonably anticipated in its business activity.

The elements of proof in a slip and fall accident occurring in a hospital setting were applied to nursing homes by this court in *Williams v. Finley, Inc.*, 04-1617 (La.App. 3 Cir. 4/6/05), 900 So.2d 1040, *writ denied*, 05-1621 (La. 1/9/06), 918 So.2d 1050. Thus, Ms. Bell's burden was simply to establish by a preponderance of the evidence that she sustained an injury as a result of a foreign substance present on Evangeline Oaks' premises. She clearly carried that burden, and the burden shifted to Evangeline Oaks to establish that it "exercise[d] reasonable care commensurate with the particular circumstances." *Neyrey*, 639 So.2d at 1216.

The record before us establishes that even before issuing written reasons for judgment, the trial court had concluded that Ms. Bell bore a burden more severe than that set forth in *Neyrey*, 639 So.2d 1214. Late in the argument on the motion for directed verdict, counsel for Ms. Bell asserted to the trial court that "[Ms. Walker] should show that there were procedures and provide evidence that they actually executed those procedures. None of that happened." The trial court

5

responded by saying "Ma'am, *that's your burden*." (Emphasis added.) The trial court went on to suggest to Ms. Bell's counsel that "[w]hen the defense puts on their case in chief, they're trying to rebut your burden. And you have that burden to prove before defense even puts on witness number one."

At this point in the proceedings, the trial court took a brief recess, and when it reconvened, counsel for Ms. Bell objected because the trial court seemed to be applying the burden imposed on a plaintiff in a slip-and-fall accident involving a merchant as set forth in La.R.S. 9:2800.6, and not applying the burden of proof required in a nursing home environment. Counsel for Evangeline Oaks responded to this argument by agreeing that the merchant liability statute was not applicable, but again argued that the out-of-time testimony satisfied its burden of rebutting any presumption of negligence. Without responding to the assertion by counsel for Ms. Bell, the trial court stated that it had found "that the facts, the inferences so overwhelmingly in this case favor the directed verdict." The trial court then dismissed the jury.

When it issued written reasons for judgment, the trial court did not mention the burden set forth in *Neyrey* or the burden set forth in La.R.S. 9:2800.6. However, a clear reading of the written reasons for judgment establish that the trial court continued to apply a burden on Ms. Bell more severe than that required of a nursing home slip-and-fall accident. This is an error of law which would normally require this court to perform a *de novo* review of the record. *Evans v. Lungrin*, 97-541 (La. 2/6/98), 708 So.2d 731. However, given the nature of the directed verdict motion, we are already required to perform a *de novo* review. *Jones*, 66 So.3d 539.

### *Assignment of Error Number Two*

We also find merit in Ms. Bell's second assignment of error. In this assignment, Ms. Bell argues that the trial court erred in finding the testimony of

6

Ms. Walker to be sufficient for the granting of the directed verdict. Evangeline Oaks argues, on the other hand, that notwithstanding the application of the wrong burden of proof by the trial court, the evidence is sufficient to justify the grant of the directed verdict.

While the trial court appears to have primarily based its decision on the testimony of Ms. Walker, we note that Ms. Bell also presented evidence on the issue of Evangeline Oaks' policies and procedures during her case in chief. This evidence came in the form of the testimony of Julia Darbonne, a former social services director at Evangeline Oaks. While Ms. Darbonne did not discuss any specific policies adopted by Evangeline Oaks or whether the entire staff was trained and instructed to look for spills, she did testify that the housekeeping staff bore the primary responsibility of cleaning up spills, but any staff member who observed a spill was required to take steps to immediately clean it up.

In her out-of-turn testimony, Ms. Walker testified to written policies and procedures applicable to the cleanup of spills at Evangeline Oaks, but did not produce those written policies. Instead, she testified that the policies and procedures required that nurses check on their patients every two hours for medical purposes; and that all employees, not just the housekeeping staff, were required to clean up any spills they observed. However, she was not aware if the policies and procedures in place generated any reports that would establish that the staff had actually complied with their obligations at a given time.

While the policies and procedures in place at the time of the accident appear to be reasonable and commensurate with the particular circumstances, the unresolved issue is whether, at the time of this accident, the employees of Evangeline Oaks had followed the policies and procedures. The burden of proving

7

that they had properly followed the policies and procedures lies with Evangeline Oaks, not with Ms. Bell.

In considering a directed verdict motion, the trial court must "weigh all evidentiary inferences in a light most favorable to the nonmovant[.]" *Jones*, 66 So.3d at 545. In doing so, the trial court must find that "the facts and inferences are so overwhelmingly in favor of the moving party that the court finds that reasonable men could not arrive at a contrary verdict." *State ex rel. Guste v. Nicholls Coll. Found.*, 564 So.2d 682, 689, (La.1990). We do not find that Ms. Walker's testimony satisfies these requirements of proof. That being the case, we find that the trial court erred in relying on that testimony to grant the directed verdict. Therefore, we find merit in this assignment of error as well.

In our *de novo* review, we also find that the trial court committed an error of law in even considering Ms. Walker's testimony when deciding the directed verdict. In allowing Evangeline Oaks to use its out-of-turn testimony to support the motion for directed verdict, the trial court failed to recognize that La.Code Civ.P. art. 1810(A) requires that a directed verdict can only be requested "at the close of the evidence offered by an opponent[.]" This requirement is present in the article in part to avoid just what occurred in this case—the denial of Ms. Bell's right to rebut any evidence presented by Evangeline Oaks pursuant to La.Code Civ.P. art. 1632(3).

The first circuit, in *Collett*, 516 So.2d 450, addressed a similar factual situation and concluded that the trial court abused its discretion in granting the defendants a motion for directed verdict. During the plaintiff's case in chief, and with the plaintiff's agreement, the defendants called one witness to testify out of turn. The plaintiff then completed his evidentiary presentation and rested. The trial court then granted the defendants' request for a directed verdict at the close of

8

the plaintiff's case. The first circuit reversed the grant of the directed verdict, citing a number of reasons for the reversal, including its conclusion "that the motion was not made at an appropriate time." *Id*. at 452. In reaching this conclusion, the first circuit basically noted that after the plaintiff allowed the defendant to submit an out-of-turn witness before completion of his case-in-chief "[t]he trial court should not have entertained the motion at this point." *Id*. *See also, Blanchard v. Our Lady of the Lake Med. Ctr.*, 529 So.2d 1309, (La.App. 1 Cir.), *writ denied*, 532 So.2d 772, (La.1988).

We do note that a panel of this court reached an opposite result in *Bernard v. Ferrellgas, Inc.*, 96-621 (La.App. 3 Cir. 2/5/97), 689 So.2d 554, based on the absence of a formal objection at the time the out-of-turn evidence was offered or at the time of the trial court's ruling on the motion for direct verdict. However, La.Code Civ.P. art. 1635 relied on by the court in that case does not require a specific formal objection. Instead, La.Code Civ.P. art. 1635 reads as follows:

> Formal exceptions to rulings or orders of the court are unnecessary. For all purposes it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

As previously noted, Ms. Bell's counsel agreed to take Evangeline Oaks' witness out of order for the sole purpose of "mak[ing] the most of the jury's time." In fact, the trial court explained that purpose to the jury and noted to the jury that such a procedure "is not uncommon."

When counsel for Evangeline Oaks moved for a directed verdict, he specifically referred to the out-of-turn evidence, which he suggested was "undisputed," as the basis for his motion. Appearing caught by surprise by the motion, counsel for Ms. Bell objected immediately, but did so in a way that

9

suggested her sole complaint was that she was unable to better combat the testimony of Ms. Walker because it was presented by deposition. In making her argument, she noted contradictions in the testimony and suggested that certain policies were not clearly followed. When the trial court pointed out that the nature of deposition testimony was to be a substitute for live testimony, counsel for Ms. Bell expanded her argument by stating: "Not even just cross, but just to comment on the contradictions and the known contradictions and to point them out."

Counsel for Evangeline Oaks argues that even if the trial court's reliance on the out-of-turn testimony was error, we cannot recognize it as such because Ms. Bell did not properly object at trial and did not assign it as error on appeal. While we agree that Ms. Bell's assignments of error do not specifically raise this error of law, we have the authority to "render any judgment which is just, legal, and proper upon the record on appeal." La.Code Civ.P. art. 2164. We find that the trial court committed an error of law in allowing the out-of-turn testimony to be used in the argument on the motion for directed verdict.

## DISPOSITION

Finding merit in both assignments of error and finding that the trial court erroneously relied on the out-of-turn testimony of Ms. Walker to grant the motion for directed verdict, we reverse the trial court's grant of a motion for directed verdict in favor of the defendant, Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House, dismissing the claims for damages of the plaintiff, Patricia Bell, against that defendant. We remand the matter to the trial court for a new trial. Finally, we assess all costs of this appeal to the defendant, Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House.

**REVERSED AND REMANDED.**