NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0661

JANEY YATES

VERSUS

OUR LADY OF THE ANGELS HOSPITAL, INC. AND COLUMBIA
CASUALTY COMPANY

*DATE OF JUDGMENT:*     FEB 2 0 2020

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 108194, DIVISION F, PARISH OF WASHINGTON
STATE OF LOUISIANA

HONORABLE MARTIN E. COADY, JUDGE

* * * * * *

Sidney D. Torres, III
Roberta L. Burns
Beau F. Camel
Chalmette, Louisiana

Counsel for Plaintiff-Appellant
Janey Yates


Thomas R. Temple, Jr.
Joseph F. Cefalu
Baton Rouge, Louisiana

Counsel for Defendants-Appellees
Our Lady of the Angels Hospital, Inc.
and Columbia Casualty Company

* * * * * *

BEFORE: MCDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: AFFIRMED.

**CHUTZ, J.**

In this slip and fall case, plaintiff, Janey Yates, appeals a summary judgment dismissing her damage claims against defendants, Our Lady of the Angels Hospital, Inc. (OLAH) and Columbia Casualty Company (Columbia). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

On June 10, 2014, plaintiff accompanied her daughter to the Outpatient Behavioral Health Clinic (the Clinic) at OLAH to pick up medicine. Plaintiff waited in the car while her daughter went inside the Clinic. At that point, it had been raining heavily for some time. When lightning began to appear, plaintiff became frightened and decided to join her daughter inside the Clinic. Because she did not have an umbrella, plaintiff was "soaking wet" by the time she reached the Clinic entryway. She described herself as being "all wet" with water "rolling all over me."

Plaintiff entered the outside entryway into the Clinic, which was floored with quarry tiles. There was no floor mat either inside or outside the entry door. As plaintiff opened the door to enter the building, but before she stepped inside, she slipped and fell on her side. The upper half of her body landed inside the Clinic while the lower half of her body was still outside. When plaintiff was asked during her deposition whether she knew what caused her to fall, she replied, "… not really. I mean, I was soaking wet. That could be." At another point in her deposition, plaintiff stated she did not see anything on the entryway floor except water, which she said was "all over," and she believed she slipped on the water outside the entry door. She admitted, however, that she did not actually see any standing water by the door but, rather, "felt it."

On June 2, 2015, plaintiff filed a petition for damages naming OLAH and its liability insurer, Columbia, as defendants. Plaintiff alleged she sustained personal injuries to her hip and other parts of her body as a result of her fall. She further

alleged the accident was caused by the wet surface of the entryway floor, which she asserted constituted an unreasonably dangerous defective condition.

Defendants answered the petition and subsequently filed a motion *in limine* to exclude plaintiff's expert witness, Mr. James R. Danner, Jr., a civil engineer, from testifying or offering any opinions in this matter. Defendants alleged the opinions expressed in Mr. Danner's report were unreliable, irrelevant, and would not help the trier-of-fact understand the evidence or determine any fact at issue. Defendants also filed a motion for summary judgment asserting plaintiff would be unable to meet her burden of proving that: (1) an unreasonably dangerous defect existed on the premises of the Clinic at OLAH; and (2) OLAH possessed actual or constructive notice of any defect prior to Ms. Yate's accident.

After a joint hearing on defendants' two motions, the district court took the motions under advisement. The district court subsequently signed a judgment granting both the motion *in limine* to exclude Mr. Danner's testimony and opinions and the defendants' motion for summary judgment. In its written reasons for judgment, the district court concluded Mr. Danner's opinions should be excluded because they were not based on sufficient facts and data and were not the product of reliable principles and methods applied to the facts of this case. In the absence of Mr. Danner's proposed opinions, the district court also found plaintiff submitted no competent evidence that the Clinic entryway was defective in design or composition. Additionally, the district court found there was no evidence that OLAH possessed actual or constructive notice of any alleged defect in its premises prior to plaintiff's accident. Accordingly, the district court dismissed plaintiff's claims against defendants, with prejudice. Plaintiff now appeals.

## SUMMARY JUDGMENT LAW

A motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents admitted for purposes of the motion for

summary judgment show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3) & (4). In determining whether summary judgment is appropriate appellate courts review evidence *de novo* under the same criteria that govern the district court's determination of whether summary judgment is appropriate. *Alvarado v. Lodge at the Bluffs, Inc.*, 16-0624 (La. App. 1st Cir. 3/29/17), 217 So.3d 429, 432, writ denied, 17-0697 (La. 6/16/17), 219 So.3d 340.

The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the matter before the court on the motion, the mover's burden does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual evidence sufficient to establish the existence of a genuine issue of material fact, the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(D)(1); *Alvarado*, 217 So.3d at 432.

## DISCUSSION

In assignments of error numbers one to three, plaintiff argues the district court applied the wrong standard of negligence in concluding there were no disputed issues of material fact supporting the imposition of liability against OLAH and in finding plaintiff presented no evidence OLAH possessed actual or constructive knowledge of an alleged defect prior to plaintiff's accident. Plaintiff contends that once a plaintiff in a slip and fall case against a hospital demonstrates she sustained injury as a result of a foreign substance on the hospital's premises, the burden shifts to the hospital to exculpate itself from a presumption of negligence. Thus, plaintiff argues the district court erred in holding plaintiff bore the burden of proving there was a defect on OLAH's premises that created an unreasonable risk of harm or that

4

OLAH had notice of the defect. Plaintiff maintains it was OLAH's burden to exculpate itself from a presumption of negligence by showing it acted reasonably to discover and correct the dangerous condition on its premises.

The cases cited by plaintiff in support of her position that OLAH had the burden of exculpating itself from a presumption of negligence are clearly distinguishable from the instant case. Unlike the present case, the cases cited by plaintiff involved accidents that occurred inside buildings and/or involved the plaintiff allegedly slipping on foreign substances.[1] *Black's Law Dictionary* (11th ed. 2019) defines a "foreign substance" as "[a] substance found in a body, organism, or thing where it is not supposed to be found." In this case, plaintiff allegedly slipped due to the presence of rainwater on the quarry tiles at the outside entry to the Clinic at OLAH. Considering that plaintiff's accident occurred during a heavy, prolonged rainstorm, we do not find that the rainwater on the outside quarry tiles was a "foreign substance" found where it was not supposed to be. To the contrary, the presence of rainwater in this outside area was a natural occurrence to be expected under the circumstances. Plaintiff's contention that OLAH bore the burden of exculpating itself from a presumption of negligence lacks merit.

The general rule is that the owner or person having custody of immovable property has a duty to keep such property in a reasonably safe condition. The duty owed is the same under the custodial liability of La. C.C. arts. 2317.1 and 2322 and the negligence theory of La. C.C. art. 2315. *Rainey v. Steele*, 10-2154, p. 4 (La. App. 1st Cir. 8/17/11) (unpublished), 2011 WL 3629360, at *4; see also *Vinccinelli*

---

[1] *Smith v. Northshore Regional Medical Center, Inc.*, 14-0628 (La. App. 1st Cir. 1/26/15), 170 So.3d 173, 175; *Bell v. Carencro Nursing Home, Inc.*, 16-0190 (La. App. 3d Cir. 9/28/16) 202 So.3d 499, 501, writ denied, 16-1918 (La. 12/16/16), 212 So.3d 1170; *Neyrey v. Touro Infirmary*, 94-0078 (La. App. 4th Cir. 6/30/94), 639 So.2d 1214, 1215; *Reynolds v. St. Francis Medical Center*, 597 So.2d 1121, 1122 (La. App. 2d Cir. 1992); *LeBlanc v. Alton Ochsner Medical Foundation*, 563 So.2d 312, 313-14 (La. App. 5th Cir. 1990); *Bordelon v. Southern Louisiana Health Care Corp.*, (La. App. 3d Cir.), 467 So.2d 167, 169, writ denied, 469 So.2d 989 (La. 1985).

*v. Musso*, 01-0557 (La. App. 1st Cir. 2/27/02), 818 So.2d 163, 165, writ denied, 02-0961 (La. 6/7/02), 818 So.2d 767.  In order to prevail under either theory, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) that defendant had actual or constructive knowledge of the risk. *Id.*

In support of their motion for summary judgment, defendants presented the affidavit of a forensic architect to establish the OLAH premises were built in compliance with all codes applicable at the time of its construction in 1949-50. Defendants also introduced the affidavit of Jay Breaux, OLAH's facilities manager, who stated that since 2008, he has personally inspected the interior and exterior of the Clinic multiple times weekly and was unaware of any defect or unreasonably dangerous condition at the entryway into the Clinic.  Additionally, Mr. Breaux stated no complaints, accidents, or injuries involving the Clinic entryway have been reported, either before or after plaintiff's June 10, 2014 accident, a period in excess of sixty years.

Once defendants presented evidence establishing OLAH had no actual or constructive knowledge of a defect in the Clinic entryway, plaintiff was required to come forward with factual evidence sufficient to establish the existence of a genuine issue of material fact regarding whether OLAH possessed actual or constructive notice of a defect on its premises. See La. C.C.P. art. 966(D)(1).  Our *de novo* review indicates plaintiff produced no evidence whatsoever to show OLAH possessed actual or constructive knowledge of any such defect.  In the absence of evidence establishing a genuine issue of material fact regarding the essential element of notice, defendants were entitled to summary judgment dismissing plaintiff's claims

6

as a matter of law [2]  See *Alvarado,* 217 So.3d at 435; *McCants v. Zodiac Development*, 07-0740, pp. 4-5 (La. App. 1st Cir. 12/21/07), 2007 WL 4465774, at *4-5 (unpublished).

## CONCLUSION

For these reasons, the district court judgment granting defendants' motion for summary judgment and dismissing plaintiff's claims against defendants, with prejudice, is affirmed. All costs of this appeal are assessed to plaintiff, Janey Yates.

**AFFIRMED.**

---

[2] Having concluded plaintiff failed to establish the existence of a genuine issue of material fact as to the essential element of notice, it is unnecessary for this court to address plaintiff's assignments of error numbers four to six. These assignments concern the alleged existence of a defect and the exclusion of the opinions of plaintiff's expert witness with respect to that issue. A proponent for summary judgment is not required to negate all of the essential elements of the adverse party's claim. It is only necessary to point out to the court the absence of factual support for at least one of the elements essential to the adverse party's claim, action, or defense, which defendants have done in this case with respect to the essential element of notice. See La. C.C.P. art. 966(D)(1); *Alexander v. Toyota Motor Sales, U.S.A.*, 13-0756 (La. 9/27/13), 123 So.3d 712, 714-15.