NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1073

PATRICIA BELL

VERSUS

CARENCRO NURSING HOME, INC. D/B/A
EVANGELINE OAKS GUEST HOUSE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20017362
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Candyce G. Perret, Judges.

REVERSED AND REMANDED.

Troy Allen Broussard
Allen & Gooch, A Law Corporation
Post Offic Drawer 81129
Lafayette, LA 70598-1129
(337) 291-1370
COUNSEL FOR DEFENDANT-APPELLEE:
    Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House

**Harry K. Burdette**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
    **Patricia Bell**

**PICKETT, Judge.**

The plaintiff appeals the trial court's grant of summary judgment in favor of the defendant nursing home where she was injured when she slipped and fell in water on the floor of a resident's room. For the following reasons, we reverse the judgment.

**FACTS**

This matter was previously before this court when the plaintiff Patricia Bell appealed the trial court's grant of directed verdict in favor of the defendant Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House. The panel in *Bell v. Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House*, 16-190, p. 1 (La.App. 3 Cir. 9/28/16), 202 So.3d 499, 500-01, *writ denied*, 16-1918 (La. 12/16/16), 212 So.3d 1170, outlined the pertinent facts giving rise to Ms. Bell's suit, stating:

> This litigation arises from a December 24, 2010 accident. On that day, Patricia Bell slipped and fell at Evangeline Oaks while visiting her father-in-law, John Bell, a resident at the facility. Ms. Bell brought dinner to her father-in-law, and while preparing the food for easier consumption by Mr. Bell, she walked toward the foot of his hospital bed to bring the bedside table closer. In doing so, she encountered water on the floor and slipped and fell. During the approximately fifteen minutes she was in the room before her accident, she was unaware of the water on the floor, but while on the floor after falling, Ms. Bell noticed three other puddles of water around her.
>
> Mr. Bell called for help, and the Evangeline Oaks staff responded, helped her to her feet, and assisted her in filing an incident report. Chawntel Walker, one of the Evangeline Oaks staff members who responded to the incident, subsequently recorded her observations on a patient care form and attached the form to the incident report. Ms. Bell subsequently sought medical attention for the injuries she claimed arose from the accident.

After reviewing the evidence presented during the trial, the panel determined that the trial court erred in considering evidence presented by the defendant before the plaintiff rested her case and in applying a higher burden of proof to Ms. Bell's

claims than required by law when it granted the directed verdict. Accordingly, the panel reversed the directed verdict and remanded the matter for a new trial.

Prior to the trial, Evangeline Oaks had filed a motion for summary judgment which was denied. On remand, Evangeline Oaks reurged its previous motion for summary judgment. After a hearing, the trial court granted summary judgment in favor of Evangeline Oaks and dismissed Ms. Bell's claims. Ms. Bell appealed.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Bell assigns three errors with the trial court's judgment:

1. The trial court erred by considering affidavit testimony of Susan Menard when the affidavit had never been admitted into evidence by the Court.

2. The trial court erred by considering affidavit testimony of Susan Menard who was not qualified to give the testimony presented in her affidavit.

3. The trial court erred by granting Defendant's Reurged Motion for Summary Judgment.

## SUMMARY JUDGMENT

Appellate courts review the grant or denial of a motion for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882-83; La.Code Civ.P. art. 966(A)(3). The party that files a motion for summary judgment bears the burden of proof on the motion. La.Code Civ.P. art. 966(D)(1). If, however, the moving party will not bear the burden of proof at trial on the issue addressed in the motion and points out that there is an "absence of factual support for one or more elements essential to the adverse party's claim, action, or defense[,]" the non-moving party must then produce evidence showing that a genuine issue of material fact exists "or that the mover is not entitled to judgment

2

as a matter of law." *Id.* If the non-moving party then fails to produce such evidence, "there is no genuine issue of material fact[,] and summary judgment will be granted." *Bufkin v. Felipe's La., LLC*, 14-288, p. 3 (La. 10/15/14), 171 So.3d 851, 854.

"The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La.Code Civ.P. art. 967(A).

> Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. The purpose of the requirement of "personal knowledge" is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment.

*Denbury Onshore, L.L.C. v. Pucheu*, 08-1210, p. 18 (La.App. 3 Cir. 3/11/09), 6 So.3d 386, 398, (quoting *Hibernia Nat'l Bank v. Rivera*, 07-962, pp. 8-9 (La.App. 5 Cir. 9/30/08), 996 So.2d 534, 539-40 (citations omitted)).

When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, p. 11 (La. 4/12/05), 907 So.2d 37, 48). Moreover, although summary judgments are now favored, "factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all

doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

## DISCUSSION

When addressing the merits of Evangeline Oaks' motion for directed verdict, the prior panel applied the following elements of proof set forth in *Neyrey v. Touro Infirmary*, 94-78 (La.App. 4 Cir. 6/30/94), 639 So.2d 1214, 1216 (citations omitted), to Ms. Bell's claims against Evangeline Oaks:

> A plaintiff in a slip and fall case against a hospital must show the fall occurred and injury resulted from a foreign substance on the premises. The burden then shifts to the hospital to exculpate itself from the presumption of negligence. A hospital owes a duty to its visitors to exercise reasonable care commensurate with the particular circumstances. The hospital must show that it acted reasonably to discover and correct the dangerous condition reasonably anticipated in its business activity.

*Bell*, 202 So.3d at 503. With regard to Ms. Bell's claim, the panel determined:

> Ms. Bell's burden was simply to establish by a preponderance of the evidence that she sustained an injury as a result of a foreign substance present on Evangeline Oaks' premises. She clearly carried that burden, and the burden shifted to Evangeline Oaks to establish that it "exercise[d] reasonable care commensurate with the particular circumstances." *Neyrey*, 639 So.2d at 1216.

*Id.* (Alteration in original).[1]

In Ms. Bell's prior appeal, the panel made the following findings:

> In her out-of-turn testimony, Ms. Walker testified to written policies and procedures applicable to the cleanup of spills at Evangeline Oaks, but did not produce those written policies. Instead, she testified that the policies and procedures required that nurses check on their patients every two hours for medical purposes and that all employees, not just the housekeeping staff, were required to clean up any spills they observed. However, she was not aware if the

---

[1] When considering the reurged motion for summary judgment, the trial court applied the evidentiary standards set forth in *Levine v. Hartford Acc. & Indem. Co.*, 149 So 2d 433 (La.App. 3 Cir. 1963), finding that Ms. Bell was "required to prove that *the owner had actual or constructive knowledge of the extraneous object or substance* on the floor that caused the plaintiff's fall *and* that the owner *failed to remove it*." (Emphasis added.) *Levine* applied the standard of proof to slip and fall claims against merchants which is not applicable to claims against nursing homes. *Bell*, 202 So.2d 499; *Neyrey*, 639 So.2d 1214.

4

policies and procedures in place generated any reports that would establish that the staff had actually complied with their obligations at a given time.

While the policies and procedures in place at the time of the accident appear to be reasonable and commensurate with the particular circumstances, *the unresolved issue is whether, at the time of this accident, the employees of Evangeline Oaks had followed the policies and procedures. The burden of proving that they had properly followed the policies and procedures lies with Evangeline Oaks, not with Ms. Bell.*

*Id.* at 504 (emphasis added). Finding no palpable error with the prior panel's determination of Ms. Bell's burden of proof, we apply the law of the case doctrine.[2]

Evangeline Oaks supported its reurged motion for summary judgment with Ms. Bell's deposition and trial testimony, Ms. Bell's affidavit, Ms. Walker's affidavit and deposition testimony, and an affidavit by Susan Menard. Evangeline Oaks argues that Ms. Walker's testimony establishes that it "acted reasonably under the circumstances in that (1) the nursing home's policies/procedures required nurse Walker to check in on each patient at least every two hours and look for hazards; and (2) nurse Walker followed those procedures and did not see any puddles of water."

Ms. Bell's accident occurred at 6:30 p.m. Ms. Walker testified that she checked on Mr. Bell every two hours in accordance with Evangeline Oaks' policies and procedures. No documentation supports this testimony. Ms. Walker further testified, however, that she did not know how long it had been between the last time she checked on Mr. Bell and the time Ms. Bell slipped and fell. Therefore,

---

[2] The law of the case doctrine provides that "an appellate court will not reconsider its own rulings of law in the same case." *Lejano v. Bandak*, 97-388, p. 23 (La. 12/12/97), 705 So.2d 158, 170, *cert. denied*, 525 U.S. 815, 119 S.Ct. 52 (1998). "[T]he doctrine is discretionary and is not applicable in cases of palpable error or" in cases where its application would result in "manifest injustice." *Id.*

Ms. Walker's testimony is equivocal and does not establish that she checked on Mr. Bell every two hours as required by Evangeline Oaks' policies and procedures.

Evangeline Oaks also supports its motion with an affidavit executed by Susan Menard. According to her affidavit, Ms. Menard had been the Director of Housekeeping at Evangeline Oaks at the time of Ms. Bell's accident and was the Assistant Administrator of Evangeline Oaks when she executed her affidavit.

Ms. Bell argued in her opposition to Evangeline Oaks' motion that the trial court should strike Ms. Menard's affidavit because it includes information that is outside her personal knowledge in two respects: Ms. Menard is not an expert, and she was assigned to the housekeeping department, not the nursing department, when Ms. Bell's accident occurred. Ms. Bell further argued that because no housekeeping staff was on duty when she slipped, the issue to be determined is whether the nursing staff followed the policies and procedures.

Evangeline Oaks argues that Ms. Menard's affidavit establishes that its staff complied with its spill cleanup policies and procedures. Ms. Mendard's affidavit generally states her current and previous position with Evangeline Oaks, that she has specialized training and experience in nursing home administration, that she is familiar with the policies and procedures and training of housekeeping staff, that the housekeeping staff cleaned Mr. Bell's room daily, and that all staff was trained to be "constantly vigilant for safety hazards," like water on the floor, and immediately remedying any such hazards. Ms. Menard's affidavit further states, in pertinent part:

> That pursuant to the policies and practices of Evangeline Oaks, the nursing home staff entered John Bell, Sr.'s room (where the subject incident reportedly occurred) every 1-2 hours to check on Mr. Bell's status;
>
> . . . .

6

That the policies and procedures of Evangeline Oaks were dutifully executed by the nursing home staff at all times pertinent to Plaintiff's visit and accident at the nursing home on December 24, 2010;

Ms. Menard's affidavit does not state that she worked December 24, 2010, that she personally monitored the housekeeping staff and nursing staff performing their duties, or that she personally recalls when these staff members performed their duties. Therefore, her affidavit fails to establish that she has personal knowledge that Evangeline Oaks' policies and procedures were followed the evening of Ms. Bell's accident.

Evangeline Oaks argues that Ms. Menard is an expert with regard to the statements contained in her affidavit. The issue before us is whether Evangeline Oaks' staff properly followed its policies and procedures at the time of Ms. Bell's accident. To the extent that Evangeline Oaks is relying upon Ms. Menard as an expert, the only specific evidence that she could rely on to render an expert opinion as to whether Evangeline Oaks complied with its policies and procedures at that time is Ms. Walker's testimony, which we have determined does not establish that fact. *See* La.Code Evid. art. 703.[3] As a result, we need not consider whether Ms. Menard is an expert. For these reasons, we conclude that the trial court erred in not striking the quoted provisions of Ms. Menard's affidavit and in considering those provisions when ruling on the motion for summary judgment.

Lastly, Ms. Bell's defense includes the affidavit of Julia Darbonne who was the Social Services Director of Evangeline Oaks the day of Ms. Bell's accident. Ms. Darbonne's affidavit contradicts Ms. Walker's and Ms. Menard's statements that Evangeline Oaks' regularly provided training and reinforcement of its policies and procedures that all employees be vigilant for spills or other hazards and

---

[3] Louisiana Code of Evidence Article 703 provides, in pertinent part: "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him."

removing such hazards. She stated, instead, "Practically, if someone, such as a resident, family member of a resident, guest or staff member reported a problem which would be considered a risk, then someone from the appropriate department would address it."

As discussed, the evidence shows that a genuine issue of material fact exists with regard to whether Evangeline Oaks' nursing staff complied with its policies and practices at the time of Ms. Bell's accident. Accordingly, the trial court's judgment is reversed.

## DISPOSITION

The judgment granting summary judgment is reversed, and the matter is remanded to the trial court for further proceedings. All costs associated with this appeal are assessed to Carencro Nursing Home, Inc. d/b/a Evangeline Oaks Guest House.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.